## WILLIAM R. HARRINGTON v. JAMES C. HOPKINS et al., Appellants.

In Banc, May 24, 1921.

1. **CONSTITUTION: Limitation of Taxation: City or Town School District: School Purposes.** Section 11 of Article 10 of the Constitution limits the collection of all taxes in a city or town school district to one dollar on the hundred dollars' valuation for all school purposes; that is, the rate of taxation cannot be increased in such district for all school purposes in excess of one dollar on the hundred dollars except for the purpose of erecting public buildings.

2. ——: ——: ——: ——: **Erection of Buildings: Repairing and Furnishing Buildings.** A tax voted by a city or town school district for "repairing and furnishing" school buildings is not a tax for "erecting public buildings" as those words are used in Section 11 of Article 10 of the Constitution.

3. ——: ——: ——: ——: ——: ——. A city or town school district, in addition to a tax of one dollar on the hundred

dollars' valuation for school purposes, viz: teachers' fund eighty-seven cents and incidental fund thirteen cents, levied an additional tax of ninety cents for a repairing and furnishing fund for buildings, such levy being authorized by a two-thirds vote of the qualified voters of the district voting at the annual election held in the district, the legal preliminaries being complied with. *Held*, that such additional levy was not authorized by Section 11 of Article 10 of the Constitution and its enforcement should be permanently enjoined.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes*, Judge.

AFFIRMED.

*Daniel H. Frost* and *W. S. Herndon* for appellants.

(1)   Sections 11 and 12 of Article 10, of the Constitution of Missouri, govern in the matter of school taxes as well as other taxes by counties, cities and towns, etc. The limitations in those sections are self enforcing and require no legislation to enforce them, but the provision for an increase of the limitations does require legislation to enforce such increase. Arnold v. Hawkins, 95 Mo. 569; Board of Public Schools v. Patton, 62 Mo. 449; State ex rel. v. Railroad, 74 Mo. 163; State ex rel. v. Van Every, 75 Mo. 530. (2)   Recognizing this to be the law, the Legislature by Section 10797, R. S. 1909, provides for an increase of the annual rate of taxation by school districts for the purpose of paying for school building sites, whether the same have been purchased or condemned, for buying or erecting school buildings in such districts, or repairing or furnishing such buildings, and prescribes the duties of the directors in determining the rate of taxation necessary to be levied within the maximum rates of the constitution, the giving of notice, etc., and the holding of an election. This section provides or requires the assent of two-thirds of the qualified voters of the district to the levy. State ex rel. v. Gordon, 223 Mo. 12. (3)   Section 11, Article 10, Missouri Constitution, limits the levy, in city school districts to

forty cents for school purposes.  It then goes on to
provide:  (a)  That the aforesaid annual rates for school
purposes may be increased in districts formed of cities
and towns to an amount not exceeding one dollar.  Now,
the district did this and this increase is not disputed.
(b)  For purpose of erecting public buildings in counties,
cities and school districts, the rate of taxation may be
further increased, when the rate of such increase, and
the purpose for which it was intended shall have been
submitted to a vote of the people and two-thirds of
the qualified voters of said district vote therefor.  If
then, the law under which this levy was made is a valid
law, and within the terms of the last above referred to
provision of the Constitution, then the levy was and is
valid.  Our Legislature pursuant to the authority of the
two above provisions of the Constitution passed Section
10796, R. S. 1909, to carry out the first above proviso.
And they passed Section 10797, R. S. 1909, to carry out
the second proviso, which statute stood with slight
amendment since the adoption of the Constitution.  (c)
If this legislative enactment providing for a tax for
repairing and furnishing school buildings is not au-
thorized under said provision of the Constitution, then
public authorities have no power to furnish or repair
public buildings.  All school moneys are required to
be placed in three funds.  First.  The teachers' fund,
dervived from all funds received from State, county
and township funds, all monies derived from taxation
for teachers' wages, and all tuition fees.  Second.  Inci-
dental fund.  Money derived from taxation for inciden-
tal expenses.  Third.  Building fund.  Money derived
from taxation for building purposes, sale of sites,
school buildings, furniture, etc.  Sec. 10857, R. S. 1909;
Livesay v. Whitney, 107 Mo. App. 479.  Repairs come
out of the building fund always.  By Section 10857 it
is provided that board shall have power to transfer out
of incidental to building fund such amount as may be
necessary for repairs, showing plainly that repairs are
to be paid out of building fund.  (4)  The next proposi-

tion we will notice is their charge that the increased levy was not proposed for a building fund, or a repair and furnishing fund, but for common school purposes. In their brief they urge no law or reasons in support of the charge, for the reason probably that they had neither law or sufficient facts to justify their charge. State ex rel. v. Gordon, 580; Thomas v. Scott, 221 Mo. 279. (5) The statutes applicable to towns, counties and school districts in order to the orderly administration of their financial affairs first require money to be used for purpose it was levied only, then make these provisions for transfer and other like unto them providing for transfer when purposes of fund are accomplished or abandoned. This school board learned for the first time that repairs, furnishings, etc., were not incidentals. Livesay v. Whitney, 107 Mo. App. 475; State ex rel. v. Thompson, 64 Mo. 26. (6) They also learned probably for the first time that repairs and furnishings and fund for same could be provided for by submitting a proposition to the voters and in this were replenishing their building fund.

*John A. Cross, R. H. Musser* and *Pross T. Cross* for respondent.

(1) When the directors of a school district, undertake to impose an illegal tax on the citizen he has the right to enjoin the proceedings in its inception and at every subsequent step, until it reaches him by an actual levy on his property. Overall v. Ruenzi, 67 Mo. 203; Wagnor v. Meety, 69 Mo. 150; Arnold v. Hawkins, 95 Mo. 569. (2) The giving of the proper notice is mandatory and jurisdictional, and if not given as required by statute any action taken will be void. State ex rel. v. Eden, 54 Mo. App. 31; Mason v Kennedy, 89 Mo. 23; School Dist. v. School Dist., 94 Mo. 612; Richardson v. McReynolds, 114 Mo. 650; State v. Railway, 75 Mo. 526. (3) For school purposes in districts the annual rate on property shall not exceed forty cents on the $100

valuation; provided the aforesaid annual rate for school purposes may be increased, in districts formed of cities and towns, to an amount not to exceed $1 on the $100 valuation, on the condition that a majority of the voters who are taxpayers, voting at an election held to decide the question, vote for said increase. Said restrictions as to rates shall apply to taxes of every kind and description, whether general or special, except taxes to pay valid indebtedness now existing, or bonds which may be issued in renewal of such indebtedness. Const. sec. 11, art. 10. (a) The limitation in the above section is self enforcing and does not require legislation to make it effective. State ex rel. v. Van Every, 75 Mo. 537; St. Joseph v. Patten, 62 Mo. 444; Arnold v. Hawkins, 95 Mo. 569. (b) The limitation upon the powers of school directors in Section 11, Article 10 of the Constitution are absolute and cover all taxes of every kind and description, and said ninety cents being in excess of the constitutional rate is void. Overall v. Ruenzi, 67 Mo. 203; Arnold v. Hawkins, 95 Mo. 569; Black v. McGonigle, 103 Mo. 192; Brookfield v. Tooey, 141 Mo. 619; Brooks v. Schultz, 178 Mo. 222; Trust Co. v. Pagenstecher, 221 Mo. 121; Board of Comm. v. Peter, 253 Mo. 520; Strother v. Kansas City, 283 Mo. 283. (c) Section 11, Article 10 of the Constitution means that the Legislature may authorize the levy of taxes within the limit specified, but not beyond. Brooks v. Schultz, 178 Mo. 222. (d) An order or resolution of the Board of Directors does not an illegal tax valid. Black v. McGonigle, supra. State ex rel. v. Railway, 169 Mo. 563. (e) "School purposes" do not include erection of buildings, nor payment of indebtedness. State ex rel. v. Railway, 83 Mo. 395; Railway v. Lamkin, 97 Mo. 503; Railroad v. People, 163 Ill. 616; Laws 1919, p. 755.

WOODSON, J.—This suit was instituted in the Circuit Court of Clinton County by the plaintiff against the defendants to restrain the collection of a tax of ninety cents on the $100 valuation of all taxable property situated in the Lathrop School District of that county.

The trial was before the court, which resulted in a decree enjoining the collection of the tax, and in due time the defendants appaled to this court. The facts are as follows:

*Statement.*

The respondent, William R. Harrington is a resident of the School District of Lathrop, in Clinton County, Missouri, a qualified voter thereof and owns a large amount of real estate and personal property, within said School District. Said School District is a city or town district, having a Board of Education, consisting of six directors. The defendant, James C. Hopkins, is the county clerk and the defenant, John L. Thompson, collector of said county. The defendants, Frank L. Porter, Albert C. Fagin, John B. Scott, E. D. Rogers, Bedford Trice and Thos. G. Klepper, constitute the board of education of said school district.

This suit is brought to restrain the levy and collection of a tax of 90 cents, on each $100 of the assessed valuation, on all property taxable for school purposes in the district. At a meeting of the said board of education held on the 16th day of March, 1920, it was ordered that a proposition to levy a tax of 90 cents on each $100 of the assessed valuation of property in the district, for a repairing and furnishing fund, be submitted to the voters at the annual election in said district to be held April 6, 1920, and that notice thereof be given. The secretary of the board gave notice by publishing the same in The Lathrop Optimist for more than 15 days prior to the election. The proposition was printed on the ballots, with other propositions submitted, and was carried by a vote of more than two-thirds of the qualified voters of said district voting at said election. The original notice given to the newspaper, was for repairing and furnishing fund, but the printer, failing to prove it, published it as a repairing and "Finishing" fund. The ballots, however, had it correctly spelled. The claim of the respondent that there was no legal notice given is based solely upon this misspelled word in the notice.

The levy is attacked by the respondent on the ground that it is in violation of Sections 11 and 12 of Article X

of the Missouri Constitution, and that it was not levied for the purpose mentioned in the notice and printed on the ballots but for the purpose of paying teachers. A temporary writ of injunction was issued. The case was tried by agreement, on the 17th of June, 1920, taken under advisement by Judge Burnes and on the 4th of August, the court found for the plaintiff and made the temporary restraining order final, from which judgment the defendants constituting the Board of Education of said district appealed.

In pursuance to the foregoing election, the board of directors of said school district, made and certified to the Clerk of the County Court of that County an estimate of the amount of money necessary to sustain the said school for the year 1920, which was as follows:

"To the County Clerk of Clinton County, Missouri:

"Dear Sir: We, the Board of Directors of District No. Lathrop, County of Clinton, Missouri, herein submit an estimate of the amount of funds necessary to sustain the public school for the period of———months, amount of cash on hand, and the approximate rate to be levied on the taxable property in said District for the year beginning July 1, 1920.

"This estimate is based on a district valuation of seven hundred and seventy-nine thousand dollars ($779,000), an enumeration of 365 pupils, a total number of days' attendance of 45677 days, and the services of 13 teachers.

"For School Purposes, Secs. 10246, 10791, 10796, 10798, 10825:

| | |
|---|---|
| For Teachers' Fund | $12000 |
| Amount on hand | $ 3500 |
| *Estimate from Public Funds | $  200 |
| Amount under State Aid Law. | $ 3700 |
| Amount to be raised by levy | $ 8300 |
| "Rate necessary for raizing this amount | 87 cents |
| For Incidental Fund, Secs. 10846, 10791, 10796, 10798, 10825 | $ 4000 |
| Amount on hand | $ 000 |
| Amount to be raised by levy | $4000 |

Rate necessary for raising this amount ..

.............................13 cents.

"For Building Purposes, Sec. 10791, 10797, 10798, 10825:

| | |
|---|---|
| For Fund Repairing & Furnishing ...... | $7000 |
| Amount on hand .................... | $ 000 |
| Amount to be raised by levy ........... | $7000 |
| Rate necessary for raising this amount ............................... | 90 cents |
| For Sinking Fund, amount of Bonds falling due, Sec. 10782 ........... | $.... |
| Amount on hand ..................... | $.... |
| Amount to be raised by levy .... ...... | $ 3000 |
| Rate necessary for raising this amount ............................. | 40 cents |
| For Annual Interest, Sec. 10783 ......... | $... |
| Amount on hand ..., .............. | $... |
| Amount to be raised by levy ............. | $779 |
| Rate necessary for raising this amount | 40 cents. |
| Total amount to be levied on the taxable property of the District ............... | $.... |
| Total rate necessary ................... | 240 cents |

"We estimate that a levy of 240 cents on the $100 valuation will be sufficient to raise above amount.

"Done by order of the board this 6th day of May, 1920.

"Jno. B. Scott, President.

Frank L. Porter, District Clerk."

As previously stated Harrington being a property owner of said district, brought this suit to enjoin the levy and collection of said taxes and to remove the cloud upon the title to his real estate.

The basis of this suit as stated by counsel for respondent is as follows:

"a. Because the notice of the election was not given as required by law, the same being for a repairing and *finishing* fund and the ballots cast at said election being for a repairing and *furnishing* fund, a separate and distinct fund from the fund named in the notice.

"b. Because said ninety cents tax is fraudulent and void because the levy of said tax was ordered and made

for a private and not a public purpose, the real purpose of the levy of said tax being to reimburse the Board of Directors of said District, 'and others,' for money wrongfully taken by said Directors from the sinking fund belonging to said District and that the real purpose and object of the levy of said tax is to raise sufficient money to pay a note of seven thousand dollars executed by the members of the Board of Directors of said District to procure money to make restitution to and pay, back, and replace in said sinking fund of said District the money so wrongfully taken therefrom as aforesaid.

"c.   Because said ninety cents tax is illegal and unconstitutional because in excess of the highest rate of taxation authorized by Section 11, Article 10, of the Constitution of 1875.·

"The case was submitted upon the pleadings and evidence, and judgment was rendered for the respondent as prayed in his petition.  After the usual steps, appellants appealed to this court.

"The question for decision is:  Is this ninety cents tax valid?  If it is, the judgment must be reversed, if not, the judgment must be affirmed; we contend that the tax is not valid, and hence, that the judgment must be affirmed."

While there are several propositions presented and discussed by counsel for the respective parties, yet according to the view we take of the case, it will not be necessary to consider but one of them, and that is stated by counsel for respondent in the following language:

Taxation: School Purposes: Constitutional Limitation.

"The limitations upon the powers of school directors in Section 11, Article 10, of the Constitution are absolute and cover all taxes of every kind and discription, and said ninety cents being in excess of the constitutional rate is void."

That section of the Constitution in so far as this case is concerned reads as follows:

".  .  .  For county purposes the annual rate on property, in counties having six million dollars or less, shall not, in the aggregate, exceed fifty cents on the

hundred dollars valuation. . . . For school purposes in districts composed of cities which have one hundred thousand inhabitants or more, the annual rate on property shall not exceed sixty cents on the hundred dollars valuation and in other districts forty cents on the hundred dollars valuation: *Provided,* The aforesaid annual rates for school purposes may be increased, in districts formed of cities and towns, to an amount not to exceed one dollar on the hundred dollars valuation, and in other districts to an amount not to exceed sixty-five cents on the hundred dollars valuation, on the condition that a majority of the voters who are taxpayers, voting at an election held to decide the question, vote for said increase. For the purpose of erecting public buildings in counties, cities, or school districts, the rate of taxation herein limited may be increased when the rate of such increase and the purpose for which it is intended shall have been submitted to a vote of the people, and two-thirds of the qualified voters of such county, city or school district, voting at such election, shall vote therefor. The rate herein allowed to each county shall be ascertained by the amount of taxable property therein, according to the last assessment for State and county purposes.''

The language of the section just quoted is too plain to need construction: it limits the collection of all taxes in a school district such as this, to one dollar on the $100 valuation for *all school purposes;* that is, the *rate* cannot be increased in such a district for all school purposes in a sum in excess ''of one dollar on the hundred dollars except for the purpose of erecting public buildings,'' etc., and there is no pretense that this ninety cents was voted for the purpose of erecting a school house, or other public buildings, but solely to *repair and furnish* a building *already existing.* In no sense can the words ''furnishing'' and ''repairing'' be construed to mean the ''erection of public buildings'' as those words are used in the Constitution.

We find no error in the record, and therefore affirm the judgment of the circuit court. All concur.