## JULES A. VIQUESNEY, Appellant, v. CITY OF KANSAS CITY, FRANK H. CROMWELL et al.

### In Banc, November 25, 1924.

1. **EXCISE TAX: On Gasoline Sales: In Proportion to Value.** A tax imposed and measured by the amount of business done or goods sold, irrespective of the value of the goods, is an excise or occupation tax. Where there is no assessment on the property owned by a garage keeper, and the tax imposed is one cent per gallon of gasoline sold by him, in total disregard of the amount of gasoline on hand at any particular date, it is not an *ad valorem* tax or a tax in proportion to the value of property, but an occupation tax, which is one form of an excise tax. Such a tax does not violate the due-process or equal-protection clause of the Federal Constitution.

2. ————: **For Revenue Purposes.** If the purpose of a license or occupation tax is regulation only, it is illegal, for the police power cannot be used for the sole purpose of raising revenue. But a license tax may be imposed strictly as a revenue measure in the exercise of the taxing power, and an occupation tax may at the same time be both a police regulation and a revenue measure.

3. ———: Charter Power: Merchant: Retail Seller of Gasoline: Admission. The city must have express authority to levy a tax of one cent per gallon on all gasoline sold by a garage-keeper at his curb pump; but a charter provision enumerating "merchants" as among those who may be taxed and regulated is sufficient authority for an ordinance imposing such a tax on such a retail dealer. Besides, such a dealer, who alleges that he paid an *ad valorem* tax as a "merchant," is not in a position to assert that such charter provision did not include him, for he thereby interprets the charter to embrace such dealers as himself as merchants.

4. ———: Uniformity. An ordinance which imposes a license tax of ten dollars on all garages having a capacity for less than twenty motor vehicles and an excise tax of one cent on each gallon of gasoline sold does not violate the constitutional provision which requires taxes to be uniform upon the same class of subjects within the territorial limits of the authority levying the same.

5. ———: Discrimination: Between Seller and User. An occupation tax on gasoline sold is not discriminatory because the ordinance does not require it to be paid on gasoline used for cleaning purposes. Sellers and users may be classified into different classes.

6. ———: Inspection Fee: Revenue. Because the statute provides fees for the inspection of gasoline but only in such amounts as are reasonably necessary to cover the expense of such inspection, is no reason for holding invalid an ordinance imposing an occupation tax on each gallon sold. The inspection statute is purely a police regulation, and not a revenue measure.

7. ———: Double Tax. Where an ordinance imposes a tax upon every retail merchant of fifty cents for each one thousand dollars or fraction thereof of gross receipts of the business operated by him "except as otherwise in this ordinance provided," and it is otherwise provided in the ordinance that the keeper of a garage shall pay one cent per gallon on all oil sold at his garage pump, he is not compelled to pay a double occupation tax. The tax of fifty cents on the thousand dollars of gross receipts cannot be imposed on him.

8. ———: Classification of Merchants. The charter conferred power to license and regulate merchants and various callings, but did not specifically enumerate gasoline merchants among the numerous dealers of various kinds specifically set forth in the class, but did say that the city shall have power, "in the exercise of the foregoing powers, to divide the various occupations . . . into different classes." *Held*, that the "various occupations" covers everything conceivable that would be subject to taxation, and it was not

necessary to place a retail gasoline dealer in a class comprehending all other merchants not specifically mentioned.

Headnote 1: Licenses, 37 C. J. pars. 3, 9, 51, 59; Taxation, 37 Cyc. 765. Headnote 2: Constitutional Law, 12 C. J. par. 414; Licenses, 37 C. J. pars. 17, 20, 34. Headnotes 3 to 8: Licenses: 3, 37 C. J. pars. 18, 35; 4, 37 C. J. par. 54; 5, 37 C. J. par. 53; 6, 37 C. J. par. 41; 7, 37 C. J. par. 64; 8, 37 C. J. par. 22.

Appeal from Jackson Circuit Court.—*Hon. Willard P. Hall*, Judge.

AFFIRMED.

*Atwood, Wickersham, Hill, Levis & Chilcott* for appellant.

(1) The ordinances in question levy a tax upon property and not a license fee upon occupations. St. Louis v. Speigel, 75 Mo. 145; St. Louis v. Weitzel, 130 Mo. 600; Brookfield v. Tooey, 141 Mo. 619; State ex rel. v. Stephens, 146 Mo. 662; State ex rel. Wyatt v. Ashbrook, 154 Mo. 375; State v. Bengsch, 170 Mo. 81; State ex rel. v. Parker Dist. Co., 236 Mo. 219; Brown v. Maryland, 12 Wheat. 425; Welton v. Missouri, 91 U. S. 275; Brenner v. Titusville, 163 U. S. 289; Dawson v. Friedburg, 274 Fed. 420, 255 U. S. 288, 65 L. Ed. 638.    (2)    When a license measure is for revenue, or a tax on property, it must conform to the constitutional limitations and restrictions in regard to taxation, or it is void.    Crow v. Missouri, 14 Mo. 180; City of Aurora v. McGannon, 138 Mo. 38; City of Springfield v. Smith, 138 Mo. 645; City of Brookfield v. Tooey, 141 Mo. 619; State v. Bengsch, 170 Mo. 81; State ex rel. v. Eby, 170 Mo. 497; State v. Parker Dist. Co., 236 Mo. 219; City of Troy v. Harris, 102 Mo. App. 51.    (3)    The license measures levying fees in excess of the amount required for police or regulation or inspection purposes are taxes upon property and take a

greater proportion of plaintiff's property to support the municipality than is required of other persons, thereby denying plaintiff the equal protection of the laws and are void. 14 Amendment; Russell v. Croy, 164 Mo. 69; State v. Bengsch, 170 Mo. 81; State v. Eby, 170 Mo. 497. (4) The taxes being property taxes are not uniform, plaintiff being required to pay a higher rate of taxes upon his property than other taxpayers, and the ordinances levying the same are, therefore, void. Sec. 3, art. 10, Mo. Constitution; St. Louis v. Speigel, 75 Mo. 145; Brookfield v. Tooey, 141 Mo. 619; State ex. rel. v. Ashbrook, 154 Mo. 375; State v. Bengsch, 170 Mo. 81; State ex rel. v. Railroad, 196 Mo. 523. (5) The taxes levied by the ordinances in question are not in proportion to the value of the property taxed, and the ordinances are, therefore, void. Sec. 4, art. 10, Mo. Constitution; State v. Bengsch, 170 Mo. 81; State ex rel. v. Eby, 170 Mo. 497; State ex rel. v. Railroad, 215 Mo. 479. (6) Ordinance No. 44965 exempts certain gasoline, naphtha and benzine from the burden of the tax and is, therefore, void. Secs. 6 and 7, art. 10, Mo. Constitution; State v. Bengsch, 170 Mo. 81. (7) The State having already designated the manner in which gasoline should be taxed, and indicated the purpose therefor, the City of Kansas City was restricted and confined to passing ordinances in conformity therewith. Secs. 6070, 6073, 8704, R. S. 1919. (8) The charter not having designated gasoline merchants as a separate class for the purpose of licensing, taxing and regulating them, the city did not have power or authority to levy an occupation tax against such class different from that levied against merchants generally and the ordinances in question, therefore, are void. Sec. 8702, R. S. 1919; Kansas City v. Grush, 151 Mo. 128. (9) The occupation tax levied against gasoline merchants is unjust, unreasonable, discriminatory and void. Carrigan v. Gage, 68 Mo. 541; City of Cape Girardeau v. Riley, 72 Mo. 220; Springfield v. Jacobs, 101 Mo. App. 339; Stoltman v. Clayton, 205 Mo. App. 568; Illinois v. Wilson, 35 L. R. A. (N. S.) 1074.

*Solon T. Gilmore* and *E. F. Halstead* for respondent.

(1) The ordinance in question is an occupation tax and is not a tax upon property. American Mfg. Co. v. St. Louis, 270 Mo. 40; American Mfg. Co. v. St. Louis, 250 U. S. 459; St. Louis v. United Rys. Co., 263 Mo. 387, 449; City of St. Joseph v. Ernst, 95 Mo. 360; Clark v. Titusville, 184 U. S. 329; Alaska Fish Co. v. Smith, 255 U. S. 44; Bowman v. Continental Oil Co., 256 U. S. 642. (2) Since the ordinance in question is not a tax upon property, the limitations upon the taxation of property found in Sections 4, 6, 7 and 11 of Article 10 of the Constitution of Missouri, have no application in this case. Mass. Bonding & Ins. Co. v. Chorn, 274 Mo. 15; Ludlow-Saylor Wire Co. v. Wollbrinck, 275 Mo. 339; St. Louis v. United Rys. Co., 263 Mo. 387, 449; Glasgow v. Rowse, 43 Mo. 479; Bowman v. Continental Oil Co., 256 U. S. 642. (3) Neither the Fourteenth Amendment of the Constitution of the United States nor Section 3 of Article 10 of the Constitution of Missouri prohibit reasonable classification. S. W. Oil Co. v. Texas, 217 U. S. 114; Bowman v. Continental Oil Co., 256 U. S. 642; Metropolis Theater Co. v. Chicago, 228 U. S. 61. (4) The imposition of an occupation tax upon a trade or calling is not in conflict with Section 4, Article 2, of the Constitution of Missouri. St. Louis v. McCann, 157 Mo. 301. (5) Sec. 6073, R. S. 1919, as amended by Laws 1921, p 404, sec. 3, deals with the inspection of petroleum and gasoline and the inspection fee is not in any sense a tax of any kind, and the provisions of Section 8704 do not, by virtue of the state gasoline inspection law, prevent imposition of occupation taxes by the city. (6) For the purpose of occupation taxes, Kansas City has express charter powers to make reasonable classification of merchants. Art. 3, sec. 1, pars. 1 and 4, Charter of Kansas City; Kansas City v. Grush, 151 Mo. 128; St. Louis v. Baskowitz, 273 Mo. 543, 563, 574.

WHITE, J.—This action is brought to restrain by injunction the City of Kansas City and its officers from enforcing certain ordinances providing for levy and collection of certain taxes which affect plaintiff's business.

The plaintiff, Jules A. Viquesney, maintained a public garage at 4605 Prospect Avenue; also, at the same place, in the parkway between the curb and sidewalk he maintained and operated a gasoline pump and tank.

Ordinance No. 38141, of Kansas City, entitled: "An Ordinance providing for the restriction and licensing of various occupations," etc., fixed a license tax on garages: those with capacity less then twenty motor vehicles, $15.

Plaintiff's garage had capacity of fewer than twenty motor vehicles, and the fifteen-dollar rate applied to him. The tax on his gasoline curb-pump was ten dollars.

That ordinance also provided for a tax on retail merchants. Ordinance 39337 amended Ordinance 38141, by providing that every wholesale merchant, manufacturer, and every retail merchant, "except as otherwise provided in this ordinance" (enumerating numerous kinds of businesses affected), should obtain a license for such business and pay to the city the sum of fifty cents for each one thousand dollars, or fraction thereof, of the annual gross receipts of the business so operated or managed.

Ordinance No. 44965 further amended Ordinance No. 38141, by adding several new sections:

New Section 3a required every person engaged in the business of selling or offering for sale gasoline, benzine, or naphtha, and every person, firm or corporation storing the same in quantities in excess of ten gallons, etc., to procure a license therefor;

New Section 3c provided that every person, etc., engaged in the business described in the preceding section should pay for the license the sum of one dollar, and thereafter, on or before the sixteenth day of January, April, July and October of each year, should pay the license collector the sum of one cent for each gallon of gasoline, benzine, or naphtha so sold, transported or

stored by such person during the preceding three months;

New Section 3d required that every person, etc., engaged in the business described in Section 3b, should keep an accurate record of all sales and file a sworn statement. of the same with the City License Collector on the sixteenth day of January, April, July and October of each year;

New Section 3f provided that the provisions in this ordinance should not be construed as intended to require the payment of a tax in those cases where, and in so far as, the imposition of the same would be unlawful by reason of any provision of the Constitution and the laws of the United States or of the State of Missouri, mentioning interstate commerce, and that the provisions of the Sections 3b, 3c and 3e should not "be held to include the sale, transporation or storage of gasoline, benzine or naphtha used on the premises of a manufacturer, cleaner or renovator in manufacturing, cleaning or renovating process for which a license tax is, in this ordinance, elsewhere provided."

Appellant claims that Ordinance 38141, and the other ordinances in amendment of the same, should not be enforced for several reasons, among them the following:

That those ordinances violate the Fourteenth Amendment of the Federal Constitution, which provides that no state shall deny equal protection of the laws;

That the ordinances are in violation of Section 3, Article X, of the Constitution of Missouri, which requires taxes to be uniform upon the same class of subjects within the territorial limits of the authority levying the tax;

That they are in violation of Section 4, Article X, of the Constitution of Missouri, which requires that all property subject to taxation shall be taxed in proportion to its value;

That they are in violation of Section 6, Article X, of the Constitution of Missouri, which specifies what property shall be exempt from taxation on the ground that

property exempted in the ordinance is not within the purview of that section.

That they are in violation of Article X, Section 11, of the Constitution of Missouri, which provides that taxation for city, town and school purposes in cities having thirty thousand inhabitants or more shall not, in the aggregate, exceed one hundred cents on the hundred dollar valuation;

That they are in violation of Section 8704, Chapter 72, Article X, of the Revised Statutes of Missouri of 1919, which provides that municipal corporations shall confine and restrict their jurisdiction in the passage of ordinances to and in conformity with the state law on the same subject, and the ordinances are in conflict with a certain section of the statutes in relation to the taxation of gasoline.

Evidence was introduced which showed that the plaintiff operated a garage at the number mentioned, with a capacity of fewer than twenty cars, and paid $15 a year occupation tax on the garage; that he paid an *ad valorem* tax of $1.77 on the merchandise which he had on hand; that he paid the license tax of ten dollars for the maintenance of his gasoline curb-pump. The plaintiff testified that he sold from the 10th day of April, 1923, up to the first of July, 1923, more than 15,000 gallons of gasoline; that his profit on the same was two cents a gallon. Other evidence was introduced showing the location and nature of plaintiff's business, which evidence included photographs showing the situation and location of his garage and gasoline pump.

The trial court rendered judgment for the defendant, dismissing the plaintiff's bill, and he appealed from the judgment.

I.   The first question for determination is whether the tax of one cent a gallon on the gasoline sold by the dealer is a property tax or an excise or occupation tax. Where a tax is imposed and is measured by the amount

of business done or the extent to which the privilege is
Excise conferred or exercised by a taxpayer, irrespective
Tax. of the value of his assets, it is an excise tax. [26
R. C. L. p. 35; American Mfg. Co. v. St. Louis, 270 Mo.
l. c. 41; State ex rel. McClung v. Becker, 288 Mo. l. c. 614;
Simmons Hdw. Co. v. St. Louis, 192 S. W. 397; American
Mfg. Co. v. St. Louis, 250 U. S. 459; Ludlow-Saylor Wire
Co. v. Wollbrinck, 275 Mo. 339, l. c. 354; 25 Cyc. 608;
State v. Applegarth, 28 L. R. A. (Md.) 812; Southeastern
Express Co. v. City, 120 S. E. 475; Glasgow v. Rowse, 43
Mo. 479; St. Louis v. United Rys., 263 Mo. l. c. 444;
Massachusetts Bond. & Ins. Co. v. Chorn, 274 Mo. 15, l.
c. 29-30; Kansas City v. Richardson, 90 Mo. App. 450.]

Where a tax is measured by the gross receipts of
the business, the amount of premiums received by an
insurance company, the number of carriages kept by a
livery stable, the number of passengers transported by a
street railway company, and other taxes of that nature,
it is occupation tax—one form of excise tax. It has been
applied to the volume of gasoline sold, such as the tax
we have under consideration here. [In re Opinion of
the Justices, 121 Atl. (Me.) 902; State v. Hart, 217 Pac.
(Wash.) 45; Altitude Oil Co. v. People, 202 Pac. (Colo.)
180.] In case of Bowman v. Continental Oil Co., 256 U.
S. 642, it was held by the Federal Supreme Court that
such a tax was consistent with the due-process and equal-
protection clauses of the Fourteenth Amendment of the
Federal Constitution.

Appellant cites the case of State ex rel. v. Shipman,
234 S. W. 60, in which the court held that the secured-
debt tax was a property tax and not an excise tax.
The opinion in that case quotes from 26 R. C. L. p. 34,
a definition of excise tax which covers occupation tax
and all forms of taxation except property tax. The
opinion by Judge GRAVES clearly points out why the
secured-debts tax was a tax on property. It has no re-
semblance to the tax under consideration here.

In the present case the tax is in no sense an *ad va-
lorem* tax. There is no assessment of the property owned

by the taxpayer; it would not matter how much gasoline he owned at any particular time, or whether he owned any gasoline at all. It is measured by the volume of his business, without any regard to the amount of gasoline on hand. Since he did not store or transport gasoline the tax was measured by the amount of his sales. Therefore it is not a tax on property and does not come within the requirement of Section 4, Article X, of the Constitution, requiring property to be taxed in proportion to its value.

II.   It is claimed by the appellant that because the purpose of the tax is to raise revenue, it therefore is not a license or occupation tax. It is pointed out by Cooley in his Constitutional Limitations (7 Ed.) p. 283,
Revenue
Tax.
that a license for regulation is issued under the police power, but the exaction of the license fee with a view to revenue would be an exercise of the taxing power. The police power cannot be exercised for the purpose of exacting revenue. If the purpose of a license is regulation only, it is beyond the authority of the Legislature or a city government to impose it for the purpose of revenue. However, a license may be imposed strictly as a revenue measure in the exercise of the taxing power. [25 Cyc. 609; 12 C. J. 906; Kansas City v. Grush, 151 Mo. 134; City of St. Charles v. Elsner, 155 Mo. 680; State ex rel. McClung v. Becker, 288 Mo. 1. c. 614.] An occupation tax may at the same time be both a police regulation and a revenue measure. [Id.]

In support of his position plaintiff cites State v. Bengsch, 170 Mo. 1. c. 114. The opinion in that case, which apparently supports the position of the appellant, was written by Judge SHERWOOD, but a majority of the court concurred only in the result; it is not, therefore, an expression of the court upon the proposition.

III.   The city must have express authority in the charter to levy such a license tax. Appellant calls at-

tention to Section 8702, Revised Statutes 1919, which pro-
vides that no municipal corporation shall have
the power to impose a license tax upon any
business, avocation, etc., unless such business,
avocation, etc., is specifically named as taxable
in the charter of such municipality. Section 1, Article 3,
Clause 4, of the Charter, enumerates "merchants" among
others who may be taxed and regulated. The dictionary
definition of "merchant" is: "One making a business
of buying and selling commodities; a trafficker; a trad-
er." Secondary meaning: "One who carries on a re-
tail business." The requirements of Section 8702 is suf-
ficiently met by the term "merchant." Evidently it was
the understanding of the framers of the charter that
"merchant" should cover all dealers that might be in-
cluded in the term, because the specific dealers mentioned
in that section do not include retail merchants of many
kinds. Appellant is hardly in position in this case to
say the term "merchant" does not cover the case, be-
cause he points out that the appellant was otherwise
taxed, without objection from him, as a merchant. He
paid an *ad valorem* merchant's general tax on his prop-
erty, as shown by evidence introduced by the plaintiff.
[See also St. Louis v. Baskowitz, 273 Mo. l. c. 565.] Thus
it appears that the city authorities, as well as the plain-
tiff, interpreted the charter to include callings like that
pursued by the appellant, as that of a merchant.

*Charter Power: Merchant.*

IV. The present tax being a revenue measure it
must conform to Section 3, Article X, of the Constitu-
tion, providing that the tax must be uniform
upon the same class of subjects within the
territorial limits of the authority levying the tax. There
is nothing in the record to show that this tax offends
against the requirement of uniformity, or that it is in
conflict with the equal protection clause of the 14th
Amendment to the Federal Constitution. [25 Cyc. 608;
St. Louis v. McCann, 157 Mo. 301; S. W. Oil Co. v.

*Uniformity.*

State of Texas, 217 U. S. 114; cases cited above under paragraph I.]

V.  Appellant asserts that the ordinance imposing the tax contains an exemption which makes it discriminatory.  Section 3f of the ordinance provides that the pro-

**Discrimination.**  visions for the tax shall not "be held to include the sale, transportation or storage of gasoline, benzine or naphtha used upon the premises of the manufacturer, cleaner or renovator, or in the manufacturing, cleaning or renovating process for which a license tax is in this ordina_ce otherwise provided."  This is a mere question of classification under Section 3, Article X, of the Constitution.  [St. Louis v. Baskowitz, 273 Mo. 543.]  There seems to be no reason why the seller of gasoline should necessarily be classed with a person who uses it in the processes mentioned in Section 3f.  The appellant has pointed out none.

VI.  Appellant cites Section 6073, Revised Statutes 1919, as amended by Laws 1921, page 404, Section 3, which provides for fees for the inspection of gasoline, etc., and

**Inspection Fees.**  that only in such amounts as are reasonably necessary to cover the expense of such inspection shall be collected.  That, of course, is a pure police regulation, and not a revenue measure.  It relates solely to inspection and limits the fees for inspection.

Section 8704 is as follows:

"Any municipal corporation in this State, whether under general or special charter, and having authority to pass ordinances regulating subjects, matters and things upon which there is a general law of the State, unless otherwise prescribed or authorized by some special provision of its charter, shall confine and restrict its jurisdiction and the passage of its ordinances to and in conformity with the state law upon the same subject."

The ordinance under consideration, as the appellant contends all through, is a revenue measure. It has nothing to do with the inspection of gasoline, and is not in conflict with Section 6073.

VII. It is claimed by appellant that he is compelled by this ordinance to pay a double occupation tax, because Ordinance 38141, as amended by Ordinance 39337, imposes a tax upon every retail merchant of fifty **Double Taxation.** cents for each one thousand dollars or fraction thereof of gross receipts of the business operated by such merchant. This tax, however, is imposed upon every retail merchant "except as otherwise provided in this ordinance." The ordinance was amended by Ordinance 44965, as pointed out above, by the addition of sections levying the tax objected to here. Thus it seems this ordinance "otherwise provided" for the taxing of appellant. The respondent so construes the amendment and appellant has not attempted to meet that construction; the tax of fifty cents on the thousand dollars of gross receipts cannot be imposed upon the appellant.

The judgment of the circuit court is affirmed. *Ragland, James T. Blair, David E. Blair, JJ.*, and *Graves, C. J.*, concur; *Walker, J.*, dissents in opinion to be filed.

## ON MOTION FOR REHEARING.

PER CURIAM:—The appellant in his motion for rehearing calls attention again to the language of Clause 4, Section 1, Article 3, of the charter, which provides for the licensing and regulating of merchants and various callings, and claims that this court overlooked the significance of that clause of the charter. Appellant argues that while he is a *merchant* he is not specifically mentioned as taxable in the charter of Kansas City; that is, a gasoline merchant is not enumerated among the numerous dealers of various kinds specifically set forth in that class, and that, therefore, being merely classed as a merchant without

other specific designation, ''the only way that Kansas City could exact a license tax from him would be to place him in a class comprehending all the other merchants not specifically mentioned as taxable in classes by themselves in said charter.''

The effect of this argument is that the city could not tax him as a gasoline dealer as distinct from merchants dealing in other commodities.

The clause of the charter mentioned concludes with this provision:

''And in the exercise of the foregoing powers, to *divide the various occupations,* professions, trades, pursuits, corporations and other institutions and establishments, articles, utilities and commodities *into* different classes.''

This provision, by punctuation and context, is connected with all the other provisions in Clause 4. ''The foreging powers'' refers to the powers, already mentioned at the beginning of the section, to tax and regulate. The ''various occupations'' mentioned is not limited and refers to all that are enumerated, including merchants. It could mean nothing else and have any significance. The various occupations mentioned in this concluding provision cover everything conceivable that would be subject to taxation.

It is not contended that that provision of the charter is unconstitutional, or that it is in conflict with Section 8702, Revised Statutes 1919, which provides that municipal corporations shall have no power to impose a license tax upon any avocation, etc., unless the same is specifically named as taxable in the charter. Therefore Kansas City had the power to divide merchants into different classes for the purpose of taxation, and did so in the ordinance complained of and others mentioned in the opinion.

Therefore we conclude that the motion for rehearing is without merit, and it is accordingly overruled.