RAY SMITH FORD SALES, INC., Respondent,

v.

James P. MITCHELL, et al., Appellants.

No. 63754.

Supreme Court of Missouri, En Banc.

May 31, 1983.

Rehearing Denied June 30, 1983.

Michael F. Dandino, Associate County Counselor, R. Jay Ingraham, County Counselor, Kansas City, for appellants.

John J. Kitchin, Leigh D. Kirkwood, Kansas City, for respondent.

RENDLEN, Chief Justice.

This case questions the Merchants License Tax for the year 1979 under § 150.040, RSMo 1978, and because it involves the construction of the revenue laws of the State, it falls within our direct appellate jurisdiction. Mo. Const. Article V, § 3.

Plaintiff during the year 1979 was an automobile dealer, owning new motor vehicles and other "goods, wares and merchandise." In 1974 the Legislature adopted statutes imposing a special ad valorem tax

on new and used motor vehicles held for use and sale by motor vehicle dealers. S.B. 402, 1974 Mo.Laws 782. These statutes were declared unconstitutional in *McKay Buick, Inc. v. Spradling,* 529 S.W.2d 394 (Mo. banc 1975). (McKay I.)

In 1976 the Legislature enacted § 150.-040, 1976 Mo.Laws 662, which became § 150.040, RSMo 1978, and reads as follows:

1. Merchants shall pay an ad valorem tax equal to that which is levied upon real estate, on the highest amount of all goods, wares and merchandise, except new motor vehicles, which they may have in their possession or under their control, whether owned by them or consigned to them for sale, at any time between the first Monday in January and the first Monday in April in each year; provided, that no commission merchant shall be required to pay any tax on any unmanufactured article, the growth or produce of this or any other state, which may have been consigned for sale, and in which he has no ownership or interest other than his commission.

2. Merchants shall pay an ad valorem tax equal to that which is levied upon real estate on new motor vehicles. The inventory valuation for assessment purposes for the ad valorem tax on new motor vehicles shall be nine and one-half percent of the gross amount received from sales by merchants for new motor vehicles sold by them from January first through March thirty-first of each year, and the assessor of each county and the city of St. Louis shall have the authority to inspect the books of each merchant for the purpose of determining said sales.

Similarly this statute was challenged on constitutional grounds, with respect to the special method of valuation of new motor vehicles, and this challenge too was successful. *McKay Buick, Inc v. Love,* 569 S.W.2d 740 (Mo. banc 1978). (McKay II.) This Court held that an ad valorem tax could not constitutionally be determined on the basis of gross receipts from the sale of the property involved.

The defendants here, taxing authorities in Jackson County, determined plaintiff's liability for Merchants License Tax for the year 1979 under Subsection 1 of § 150.040 quoted above, knowing that Subsection 2 of that section had fallen as a result of McKay II, and in the belief that new motor vehicles in inventory would escape taxation unless Subsection 1 was applied. Plaintiff filed a protest pursuant to § 139.031, RSMo 1978, making the not implausible argument that its new motor vehicles could not be assessed under Subsection 1 inasmuch as that subsection applies only to "goods, wares and merchandise, *except new motor vehicles.*" (Emphasis supplied.) The trial court found in favor of the plaintiff and entered judgment sustaining the protest in an amount agreed upon by the parties. Defendants appealed.

Defendants argue for reversal that the Legislature did not intend to exempt new motor vehicles from the Merchants License Tax, and that, had the legislators known Subsection 2 was constitutionally infirm, they would undoubtedly have removed the exclusionary language from Subsection 1. They also argue that if the plaintiff's new motor vehicles are not assessed for taxation under Subsection 1, plaintiffs will enjoy an exemption from taxation contrary to the provisions of Article X, § 6 of the Missouri Constitution, which forbids the granting of exemptions other than those specifically set out in the section.

The plaintiff argues that it may not be taxed except in accordance with the terms of a valid statute and that the failure of an explicit tax, because of constitutional deficiency, furnishes no basis for assessing an unauthorized tax.

■ We cannot accept the invitation to authorize assessment of the plaintiff's new motor vehicles under Subsection 1, however expedient that solution might be. The exclusion of new motor vehicles from that section is clear as can be. Nor is there an invalid exemption from taxation. No exemption was intended. The Legislature simply failed to prescribe a valid tax. Cf. *William A. Straub, Inc. v. City of St. Louis,* 506 S.W.2d 377 (Mo.1974).

■ The defendants in effect are asking us to borrow the doctrine of "dependent relative revocation" from the law of wills, and to apply it to the taxing statutes.[1] The argument would be that, had the Legislature known of the invalidity of the 1974 and 1976 statutes, they would have left the Merchants License Tax in its pre-1974 form. It would then be argued that the 1974 and 1976 statutory enactments should be held invalid in toto because of the frustration of the legislative purpose in treating new motor vehicles separately. The result would be enforcement of statutes which had apparently been expressly repealed, so as to cover all goods, wares and merchandise including new motor vehicles.

We do not need to decide whether such a doctrine could ever be applied to statutes, because we are of the opinion that it is clearly inappropriate in this case. The legislatures of 1974 and 1976 manifested the clear purpose of treating new motor vehicles differently than other items in merchants' inventories. Some of the problems asserted by dealers in motor vehicles are described in McKay I. Only on the basis of pure speculation could it be said that the 1976 Legislature, if apprised of the constitutional problem, would have enacted Subsection 1 without the exclusionary language. It is just as reasonable to assume that it would have sought another solution for the perceived special problems in the assessment of new motor vehicles.

We also note that the Legislature did not take the steps it might have taken to protect against a finding of partial unconstitutionality of the 1976 enactment. *See Missouri Pacific Railroad Co. v. Morris,* 345 S.W.2d 52 (Mo. banc 1961); *Southwestern Bell Telephone Co. v. Morris,* 345 S.W.2d 62 (Mo. banc 1961).

It is not appropriate to assume that the 1976 Legislature would have done the same thing that the 1979 session did, in repealing the existing § 150.040, RSMo 1978, and enacting a new § 150.040 which eliminated the distinction between new motor vehicles and other goods, wares and merchandise. § 150.040, 1979 Mo.Laws 347. Perhaps the 1979 legislators through a sense of frustration and gave up on the separate treatment of new motor vehicles. There is no assurance that the 1976 session would have done the same.

We find, in sum, no reason for not applying Subsection 1 of § 150.040, RSMo 1978, just as it is written.

The judgment is affirmed.

WELLIVER, GUNN and BILLINGS, JJ., concur.

ROBERT R. WELBORN, Senior Judge, dissents in separate opinion filed.

HIGGINS and DONNELLY, JJ., dissent and concur in separate dissenting opinion of ROBERT R. WELBORN, Senior Judge.

BLACKMAR, J., not sitting.

ROBERT R. WELBORN, dissenting.

Section 1.140, RSMo 1978 provides:

The provisions of every statute are severable. If any provision of a statute is found by a court of competent jurisdiction to be unconstitutional, the remaining provisions of the statute are valid unless the court finds the valid provisions of the statute are so essentially and inseparably connected with, and so dependent upon, the void provision that it cannot be presumed that the legislature would have enacted the valid provisions without the void one; or unless the court finds that the valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

The repeal and reenactment of Section 150.040 in 1976 (1976 Mo.Laws 662) was for

---

1. Under what has been termed "the doctrine of dependent relative revocation" the rule is that if a testator cancels or destroys a will with a present intention of making a new one immediately and as a substitute, and the new will is not made, or, if made, fails of effect, it will be presumed the testator preferred the old will to intestacy, and the old one will be admitted to probate in the absence of evidence overcoming the presumption. 79 Am.Jur.2d *Wills* § 563 (1975).

the obvious purpose of providing an alternative method of valuing, for purpose of the so-called "merchants and manufacturers tax," inventories of motor vehicle dealers.

In *McKay Buick, Inc. v. Love,* 569 S.W.2d 740 (Mo. banc 1978), the challenge to the constitutionality of the 1976 enactment was directed solely to the provisions of Section 150.040 2. The court found that provision unconstitutional because it would have determined ad valorem tax liability on the basis of gross receipts.

The language of the 1976 enactment inserted in 150.040 1, "except new motor vehicles," was not an issue in *McKay.*

The respondent now invokes that language to defeat its liability to pay the merchants and manufacturers tax for the year 1979.

Given the over-all purpose of the 1978 amendment, the language here in issue was intended to assure that motor vehicle dealers would not be subjected to a tax under subparagraph 1 as well as a tax under subparagraph 2. Certainly there is no basis for presuming that the legislature intended to exempt motor vehicles from the merchants and manufacturers tax, the presumption which must be relied upon if the language of 150.040 1 is to stand, now that 150.040 2 has been found unconstitutional. Any presumption that the legislature would have enacted 150.040 1, standing alone, would necessarily give rise to questions of exemption from taxation, with the attendant constitutional problems.

This is properly a case for declaring that, with the holding of *McKay* II of the unconstitutionality of 150.040 2, the entire enactment of which it was a part failed.

The 1976 enactment having failed, Section 1 of the act repealing Section 150.040, RSMo 1969, is of no effect. State on inf. of *McKittrick v. Cameron,* 342 Mo. 830, 117 S.W.2d 1078, 1082–1083 [10, 11] (banc 1938); *Missouri Ins. Co. v. Morris,* 255 S.W.2d 781, 782–783[2, 3] (Mo. banc 1953). Section 150.-040, RSMo 1969, providing no exception for automobile dealers, was, therefore, the basis for the respondent's tax liability for the year 1979, and the tax was properly assessed against the respondent.

I would reverse the judgment.