KANSAS CITY, *Appellant*, v. MERCANTILE MUTUAL
BUILDING AND LOAN ASSOCIATION.

### Division Two, June 14, 1898.

1. **Building and Loan Stock**: TAXATION. Property of building and loan associations can not be assessed or taxed in its corporate name by Kansas City. But under the statute, holders of stock on which no loan has been obtained from such association, shall pay taxes on their stock; and for taxing the stock of persons who have received loans, there seems to be no legislative requirement.

2. ———: ———: EXEMPTION: CONSTITUTION. That section of the Constitution which declares that "all laws exempting property from taxation shall be void," refers only to affirmative legislative exemptions, and does not refer to statutes which do not in terms exempt certain property, nor to mere casual omissions.

3. ———: ———: ———: ENFORCIBLE BY COURTS. Where the legislature has omitted certain property from taxation, the courts can not direct how it shall be taxed.

*Appeal from Jackson Circuit Court.*—HON. CHARLES L.
DOBSON, Judge.

AFFIRMED.

*A. M. Allen, W. F. Allen* and *R. R. Jamison* for appellant.

(1) A tax on capital stock or property of a corporation and an additional tax upon the shares in the hands of the stockholders is not a double taxation. *St. Joseph v. Railroad*, 39 Mo. 480; *State v. St. Louis Co.*, 47 Mo. 594; *Ins. Co. v. St. Louis Co.*, 56 Mo. 515; *Bank v. Richmond*, 79 Va. 113. (2) When any statute is revised, or one act framed from another, some parts being omitted, the parts so omitted are to be considered annulled. *Planer Co. v. Flournoy*, 14 S. E. Rep. 977; *Buck*

*v. Spofford*, 31 Me. 36; *Ellis v. Paige*, 1 Pick. 45; *Birkshire v. Railroad*, 28 Mo. App. 229; *Young v. Railroad*, 33 Mo. App. 514. (3) The legislature has no power to exempt property from taxation other than that enumerated in section 6 of article X of the Constitution of Missouri. *Kansas City v. Kansas City Medical College*, 111 Mo. 146; Const. of Mo., sec. 7, art. X.

*Porterfield, Pence & Webster* and *Leon Block* for respondent.

(1) The appellant, Kansas City, had no power conferred upon it by law to assess or tax the property of this building and loan association in its corporate name. Revised Charter of Kansas City, sec. 10, art. 5, p. 37; *Ib.*, sec. 13, art. 5, p. 38; Session Laws, 1885, p. 234; R. S. 1889, sec. 7539. (2) Section 7539, Revised Statutes 1889, provides the only plan for taxing building and loan associations, just as did Session Acts 1885, p. 234, and the two provisions are substantially the same. *State v. Railroad*, 77 Mo. 202; *Valle v. Ziegler*, 84 Mo. 219; *University v. People*, 99 U. S. 313; *State ex rel. v. Pond*, 93 Mo. 606; *State ex rel. v. Railroad*, 92 Mo. 137; *State v. Hope*, 100 Mo. 347. (3) Taxing the shares, and also the property of a corporation is duplicate taxation. An intention to tax both the shares and the property of a corporation must be clearly declared, or it will not be imputed to the legisture. *Valle v. Ziegler*, 84 Mo. 219; *State v. Railroad*, 77 Mo. 202; *Telephone Co. v. State*, 63 N. H. 167; *St. Louis v. Coal Co.*, 113 Mo. 88. (4) When the law provides one method of assessing and taxing a corporation, it can not be assessed or taxed in any other way. R. S. 1889, sec. 7539; 2 Beach on Priv. Corp., sec. 824, p. 286; *New Orleans v. Houston*, 119 U. S. 265; *Tenn. v. Whitworth*, 117 U. S. 136; *Ins. Co. v. Pollock*, 75 Ill. 292; *Valle v. Ziegler*, 84 Mo. 214; *State v. Rail-*

*road*, 77 Mo. 202; Burroughs on Tax., 171, 174; *Bank v. Commonwealth*, 9 Wall. 360; *State v. Catron*, 118 Mo. 280; *Bank v. Meredith*, 44 Mo. 500; *Springfield v. Bank*, 87 Mo. 441.

SHERWOOD, J.—The result reached by the lower court was that the property of a building and loan association could not be assessed or taxed in its corporate name by Kansas City.

The revised charter of that city in reference to municipal taxation declares that: "Every person owning or having under his control any personal property subject to municipal taxation," etc., to deliver to the city assessor. . . . . . . . a list thereof "*Sixth*. The amount of stock or shares in any company or corporation not required by law to be otherwise listed," sec. 10, art. 5. Section 13 of the same article provides for the assessment of the property of all corporations and companies, except incorporated banks and such other corporations as are excepted by State law; shall be assessed and taxed as the property of individuals is assessed and taxed.

The property of building and loan associations is excepted from assessment and taxation by State law; that law providing for the assessment and taxation of such corporations by assessing the shareholders on their shares, and from *them* collecting the tax. Section 7539, Revised Statutes 1889, has its original in the laws of 1885, page 234. That section is as follows: "All parties holding stock or shares as owners or in trust in any building and loan association in this State, on which no loan has been obtained from such association, shall be required to give a just and true list of the same to the assessor, with the actual cash value of each share, on the first day of June in each year, and the tax shall be levied upon said shares, and collected from

such holder or depositor of the same, as taxes on other personal property; and any failure on the part of such owner, holder or depositor of such shares shall subject such holder to the same penalties now provided for failure to give to the assessor a true list of all taxable property, verified by affidavit."

The only difference between the law as it exists now and as it existed in 1885, consists in the prefatory words of each section; the law of 1885 stating that "building and loan associations shall be taxed in the following manner only," while the introductory words of section 7539 are: "Building and loan associations, taxed how." The latter words as effectually point out just how the shares of a building and loan association shall be taxed, and this is *exclusive*, and this on the principle of the maxim *expressio unius, etc.*, and that affirmative specification excludes implication. Sutherland, Stat. Construct., secs. 325, 326, 327; *Maguire v. State Sav. Ass'n*, 62 Mo. *loc. cit.* 346, and other cases.

And it does not matter that the legislation in question does not reach the borrowing members of the association, because such an omission can not be supplied by the courts. It is true that the Constitution, section 7, of article X, declares that "all laws exempting property from taxation . . . . . . . shall be void;" but this section evidently refers to affirmative exemptions, not to those which do not in terms exempt certain property, not to mere casual omissions.

While it is the clear duty of the legislature to see that no class of property in this State shall escape taxation, still unless the legislature exercises its legitimate functions and subjects certain property to taxation, it is evident that the constitutional provision above noted, can not, because of such lack of legislation, become self *enforcive.* *State v. Railroad*, 77 Mo. 202; *Valle v. Ziegler*, 84 Mo. 214.

As these remarks dispose of the controlling question in this case in accordance with the views held by the trial court, the judgment of that court is hereby affirmed.    All concur.