# THE STATE ex rel. AMERICAN AUTOMOBILE IN-SURANCE COMPANY v. FRANK W. SCHRAMM, as President of Board of Assessors of City of St. Louis, and EDMOND KOELN, as Collector City of St. Louis.

### In Banc, June 1, 1917.

1. **TAXATION**: Reserve of Automobile Insurance Company. An automobile company, organized under Sec. 6995, R. S. 1909, to write "all kinds of insurance on automobiles," which includes fire policies, is required to maintain a reserve, and must pay taxes on so much thereof and of other taxable assets as is "in excess of the legally required reserve necessary to reinsure its outstanding risks and of any unpaid policy claims."

2. ———: Deduction for Debts: Exemption. The statute permits an automobile insurance company to deduct from its property to be taxed the legally required reserve necessary to reinsure its outstanding risks and any unpaid policy claims; but the deduction is not in any proper sense an exemption, but is made by way of reaching the just amount of taxable property; and United States bonds and other non-taxable properties cannot be included in this reserve as an exemption, but the inclusion of them in the exemption reserve and deducting the whole from the gross assets, by way of arriving at the net assets, amounts to a taxation of them.

3. ———: Inclusion of Non-Taxable Bonds as Gross Assets. The inclusion in the gross assets of non-taxable bonds, under a system of taxing net assets, constitutes a taxation of such securities, and is illegal. Where the securities of an automobile insurance company aggregated $376,085.87, and its reinsurance reserve amounted to $337,773.38 and unpaid losses to $70,000, the said reserve and unpaid losses being by statute non-taxable and together exceeded the assets by $31,687.21, the assessment board was not authorized to add $200,000 of United States bonds and $18,000 of railroad bonds to the gross assets, deduct from the total the reserve and unpaid losses, and assess the company with the difference, $186,311.69, for that in effect is to tax the United States bonds, under the guise of taxing the net assets.

4. ———: ———: Railroad Bonds. And since the United States bonds exceed the whole surplus assessed and their exclusion leaves nothing assessible, it is unnecessary to decide whether the $18,000 of railroad bonds were non-taxable.

Certiorari.

RECORD QUASHED.

*Bryan & Williams* and *Alroy S. Phillips* for relator.

(1)    The relator was a domestic corporation engaged in writing insurance other than life, and under the Act of April 5, 1911, taxes are required to be assessed and taxed against it in its corporate name. Laws 1911, p. 417. Relator was required by law to make return first, of its real estate; second, of the net value of all its other assets or values in excess of the legally required reserve necessary to reinsure its outstanding risks and of any unpaid policy claims, which net values shall be assessed and taxed as property of other individuals. R. S. 1909, sec. 7098. (2) United States bonds are not subject to taxation by the State. Sec. 3701, R. S. United States (6 Fed. Stat. Ann. 143); Bank v. Des Moines, 205 U. S. 503; Bank v. Minnesota, 232 U. S. 516; State ex rel. v. Brinkop, 238 Mo. 300. (3) Shares of stock in the Pennsylvania Railroad Company (which is a foreign corporation) are not subject to taxation under the laws of Missouri. State ex rel. v. Lesser, 237 Mo. 310; State ex rel. v. Brinkop, 238 Mo. 298. (4) Where property of a corporation is in itself of such a nature that it cannot be subjected to taxation, it cannot be included as part of the gross assets of a corporation in ascertaining its net values for purposes of taxation. Bank v. Minnesota, 232 U. S. 516; Hall v. Bain, 18 R. I. 413; Campbell v. Centerville, 69 Ia. 439; Bank v. Assessor, 30 N. J. L. 16; Bank v. Newark, 63 N. J. L. 547.

*Charles H. Dawes* and *Truman P. Young* for respondents.

(1) The statutes in creating an exemption from taxation on account of the re-insurance reserve of insurance companies, provide that the return for taxation made by such companies shall include all assets, whether taxable or non-taxable, and from these assets shall be deducted the reserve. Thus the non-taxable assets are treated as an

investment of reserve funds. R. S. 1909, secs. 6995, 7013, 7098. (2) The placing of Government bonds and non-taxable assets in the exempt reserve does not violate any principle of Federal law. We are not here dealing with a question of appraisement, such as is presented by a statute allowing the deduction of debts and other obligations in order to arrive at net worth. We are here dealing with an exemption of a tangible fund, a tangible part of the assets of the company. The State has the right in providing that such reserve shall be exempt to also provide that Government bonds or other exempt securities owned by the company shall be treated as a part of the reserve. This in no way conflicts with the cases relied upon by the relator, to-wit: Bank v. Des Moines, 205 U. S. 503; Bank v. Minnesota, 232 U. S. 516.

BLAIR, J.—Relator is a corporation, organized under the insurance laws of this State and engaged in writing insurance on automobiles. This is a proceeding by writ of *certiorari* to quash the record of the assessment of certain of relator's property by the Board of Equalization of the city of St. Louis. In making its return to the assessor, relator listed securities aggregating $376,085.87. It reported its reinsurance reserve as $337,-773.38 and unpaid losses aggregating $70,000. The total of the reserve and unpaid losses therefore exceeded the assets listed in the sum of $31,687.21. The Board of Equalization, after notice, added $200,000 in United States bonds and $18,000 in stock of the Pennsylvania Railroad Company, to the gross assets, deducted from this total the reserve and losses mentioned, and assessed relator with the difference, $186,311.69.

Relator contends the effect of this is to tax the United States bonds and the railroad stock and that this is unlawful. Respondents concede the bonds cannot be taxed, but insist they are not subjected to taxation by the assessment made; and that there is no legal obstacle in the way of taxing the stock.

271 Mo.—15

Section 11357, Revised Statutes 1909, has been amended (Laws 1911, p. 417) and insurance companies organized under the laws of this State are now assessable and taxable as such companies in their corporate names. Under Section 7098, Revised Statutes 1909, "every such company . . shall make returns · . . . ; First, of all the real estate held or controlled by it; second, of the net value of all its other assets or values in excess of the legally required reserve necessary to reinsure its outstanding risks and of any unpaid policy claims, which net values shall be assessed and taxed as the property of individuals." By Section 7013, Revised Statutes 1909, such companies must report to the Superintendent of Insurance, among other things: "the liabilities of the company," as follows: first "the amount due or to become due to banks or other creditors; second," losses of all kinds, and "fifth, premiums reserved or amount required to safely reinsure all outstanding risks." The section then prescribes the method of estimating such reserve in certain cases.

I.   The contention that relator was not required to maintain a reserve is not tenable. Its organization under Section 6995 to write "all kinds of insurance on automobiles" is the only description of its powers with which we are provided. If, as suggested, the only reserves required are those mentioned in Section 7013, Revised Statutes 1909, yet these include fire policies, and relator was authorized to write such insurance on automobiles. The Board of Equalization had the facts before it and found the amount of the reserve to be the sum deducted by relator as such. The record does not warrant us in questioning that conclusion of the board.

*Taxation on Reserve.*

II.   The statute (Sec. 7098) prescribes a system of taxation of net assets. Section 7013 designates the reserve as a *liability,* and Section 7098 requires this liability,

and those for unpaid losses, to be deducted from the net assets in order to arrive at the taxable proper-

**Deduction and Exemption.** ty of the company, and requires such net assets to be assessed and taxed as the property of individuals. Respondents contend the reserve is an *exemption* and that the State is empowered to require and has required that non-taxable assets shall be considered as part of this exemption, and that, so viewed, the inclusion of the United States bonds and railroad stock (assuming the latter to be untaxable) in the exemption reserve and deducting the whole from the gross assets does not amount to taxation of them. We do not agree that the reserve and the unpaid losses deductible under the terms of the statute constitute an exemption in the sense in which respondents use the word. In a general sense this is true (State ex rel. v. Board of Equalization, 256 Mo. l. c. 463), but not, in the circumstances of this case, in the sense in which respondents employ the term. " Revenue laws sometimes permit taxpayers to deduct from the property to be taxed the debts owing by them. The allowance is not in any proper sense an exemption, but is made by way of reaching the just amount of taxable property." [Cooley on Taxation (3 Ed.), pp. 269, 270.]

III. The remaining question is whether, under a system of taxing net assets, the inclusion in the gross assets of non-taxable securities constitutes taxation of such se-

**Taxation of Non-Taxable Securities.** curities. This question has been answered in the affirmative by the Supreme Court of the United States. In Farmers' Bank v. Minnesota, 232 U. S. l. c. 520 et seq., the facts were that plaintiff in error was a savings bank, having no capital stock, and was taxable under a Minnesota statute which provided for ascertaining the surplus remaining after deducting from its assets (other than real estate, separately assessed) the amount of the deposits and of all other accounts payable; the surplus to be taxed as "credits." Among the assets of the bank were bonds in the amount of $700,000, protected from taxation by Federal law. The

total assets were $12,000,000. The liabilities were deducted from the whole aggregate of the assets including the non-taxable bonds, and this surplus assessed and taxed, and this action was upheld by the State court. On the question involved in this case, the Supreme Court of the United States said (l. c. 528): "It is, however, further suggested that the judgment under review does not sustain a tax upon the bonds as property, but only a tax upon the surplus of the Savings Bank, computed by taking into the account all of its assets, amounting to about $12,-000,000, of which the bonds were only about $700,000, and deducting therefrom its liabilities. But as the surplus is treated as property and taxed as such, it is obvious that some portion of the burden is attributable to the ownership of the municipal bonds. . . . It results that the inclusion of the bonds now in question in the list of the assets of plaintiff in error, in ascertaining its surplus for the purpose of imposing a State property tax thereon, was repugnant to the Constitution of the United States."

In this case, as in that, the tax is a State property tax imposed upon a "surplus" or net assets after deducting certain liabilities. The situation is the same, and the conclusion must be the same. Since the United States bonds involved exceed the whole surplus assessed and their exclusion leaves nothing assessable, it is unnecessary to consider the taxability of the railroad stock. The record of the Board of Equalization is quashed. All concur, except *Bond, J.,* who dissents.