NYE-SCHNEIDER-FOWLER COMPANY, APPELLANT, V. BOONE COUNTY, APPELLEE.

FILED NOVEMBER 16, 1918.   No. 20176.

1. **Taxation: PLACE OF.** "The word 'property' includes every kind of property, tangible or intangible, subject to ownership." Rev. St. 1913, sec. 6291. Property of merchants, except as specifically provided in the statute, "shall be listed and taxed in the county, township, precinct, city, village, and school district where the business is done." Rev. St. 1913, sec. 6329.

2. ———: DOUBLE TAXATION. Double taxation is, under some circumstances, considered unavoidable; but it is the policy of our law to avoid double or unequal taxation when practicable.

3. ———: ———: CREDITS. To avoid double taxation, the word "credits," as used in the statute, is construed to mean net credits.

4. ———: PLACE: NET CREDITS. When a merchant operates, in several counties, stations for the purpose of selling lumber, fuel, grain and live stock, each station should be assessed as an independent business, and the net credits for taxation of each business is the excess of its assets, if any, over the indebtedness incurred in establishing and conducting that particular undertaking.

APPEAL from the district court for Boone county: GEORGE H. THOMAS, JUDGE. *Reversed.*

*Courtright Sidner & Lee,* for appellant.

*W. J. Donahue, contra.*

SEDGWICK, J.

The plaintiff appealed from the board of equalization of Boone county to the district court for that county, and in that court filed a petition alleging that the plaintiff, a corporation, "is now and for several years last past has been engaged in the business of operating stations for the purpose of selling lumber, building material and fuel, and for the purpose of buying grain and live stock and shipping the same," and, "for some years last past, has had one of such stations located at Albion, in Boone county, Nebraska, where the nature of plaintiff's business is that of selling lumber and other building material and purchasing and shipping grain. In the conduct of such business at said station of Albion, the plaintiff on April 1, 1916, had outstanding on its books as book accounts owing to it from its customs (customers) at said station, for lumber, building material and fuel sold by plaintiff to various parties upon credit as an open book account, the sum of $9,778.41. In the conduct and carrying on of plaintiff's said business at many stations in the state of Nebraska, it is at all times necessary for the plaintiff to purchase large quantities of said lumber, building material and fuel upon time, and it is indebted therefor, and at all times to borrow considerable sums of money for the purpose of carrying on said merchandising business. In the conduct of said business all purchasing for all of its stations of lumber, building material and fuel is made at plaintiff's chief office in Fremont, Nebraska, and all of said merchandise is paid for from the chief office at Fremont, Nebraska. On the 1st day of April, 1916, the total amount of all bills receivable and book accounts and debts owning (owing) to plaintiff, being the total of all amounts owing to it, was the sum of $778,597.66. At said time the plaintiff was indebted for money borrowed in the sum of $1,634,443.46, and was indebted for merchandise purchased for carrying

on its business in the sum of $33,365.84. At said time, on April 1, 1916, the plaintiff was owing for money borrowed to carry on the business at the said station of Albion, which amount was carried on the books as a debt item against and for the use of said station, $22,844.71. At no time in the last several years has the liability of the plaintiff for money borrowed to carry on the business at said station of Albion not been largely in excess of the amount owing to it at said station on book accounts." The county assessor assessed the credits of the Boone county business in the amount stated, and the plaintiff filed with the county assessor "a schedule of its debits for money borrowed to carry on the business at the station of Albion and carried on the books as a debit item against and for the use of said station $22,844.71.* * * Thereupon plaintiff filed an objection to said assessment with the board of equalization of Boone county, Nebraska, praying that proper deduction be made on account of said liabilities of the plaintiff, and asking that plaintiff be assessed nothing whatever for its book accounts. Said protest and objection was overruled by said board of equalization, and the assessment against the plaintiff in the sum of $9,778.41 was approved by said board of equalization of Boone county, Nebraska." There was a general demurrer filed to the petition, which was overruled by the district court, and judgment entered affirming the action of the board, from which the plaintiff appeals.

Upon appeal of this plaintiff from a former assessment in the same county, this court held: "Where a corporation operates, in several counties, stations for the purpose of selling lumber, fuel, grain and live stock, each station should be assessed as an independent business, and its net credits thereat should be ascertained by deducting the indebtedness incurred in conducting the business at such station from the gross

credits thereof." 99 Neb. 383. The plaintiff insists that the credits of the plaintiff company ought to be assessed at its principal place of business, and its entire liabilities should be deducted to ascertain the value of its net credits. The plaintiff's brief suggests many situations and conditions in which, it is contended, this rule of assessing credits in different locations would be difficult, if not impossible, of application, and result in injustice in many instances.

The question thus presented is very important, and is not without difficulty. But, as pointed out in the former case between these parties, section 6329, Rev. St. 1913, provides that the property of "merchants, except as hereinafter specifically provided, shall be listed and taxed in the county, township, precinct, city, village, and school district where the business is done." And section 6291 defines the term "property:" "The word 'property' includes every kind of property, tangible or intangible, subject to ownership." The letter of the statute is, therefore, plain upon this point, and the court must harmonize it with the general policy of the law if possible. We do not think it advisable to depart from the rule declared in that decision.

Double taxation sometimes occurs, and has been considered as, under some circumstances, unavoidable. If, for instance, a purchaser of a herd of cattle gives his note for a large portion of the purchase price, the property is assessed to the purchaser without deduction of the amount of the outstanding note, and the full amount of the note is assessed against the owner thereof. There are many similar instances of double taxation, and yet our revenue laws contain abundant evidence that it is the policy of our law to avoid double taxation when possible. Chapter 73, Laws 1903, provided a general system of public revenue, and repealed the former statute. The former act (Comp. St. 1901, ch. 77, art. I, sec. 27) contained a general pro-

vision that, "In making up the amount of credits which any person is required to list for himself or for any other person, company, or corporation, he shall be entitled to deduct from the gross amount of credits the amount of all *bona fide* debts owing by such person, company, or corporation, to any other person, company, or corporation for a consideration received." In repealing that statute this provision was not retained, and the repealing statute required all "property" to be assessed for taxation. But this court held that, notwithstanding the repeal of that provision, "In making a return of his taxable property under the provisions of chapter 73 of the laws of 1903 the taxpayer may deduct from the credits due him all just debts by him owing at the time of such return." *State v. Fleming,* 70 Neb. 529. The court quotes from and adopts the reasoning of the supreme court of Indiana in *Florer v. Sheridan,* 137 Ind. 28: "Credits are, by the Constitution, property, and as such are to be taxed. Their just value is to be ascertained by subtracting the *bona fide* indebtedness from the gross amount of the notes, accounts and other choses in action, and the balance is to be returned as belonging to the individual. * * * Section 1, article 10, of the Constitution of Indiana, does not say the gross amount of all notes, accounts, and other choses in action shall be taxed, and we cannot so construe it without perverting its language and obvious meaning."

The word "credits," as used in the statute, is by that court, construed to mean net credits, and that construction was adopted by this court.

The allegations of the petition must be taken as true as against the general demurrer.

In the former case between these parties (99 Neb. 383), it was said: "If the credits are taxable in Boone county, the indebtedness to be deducted must arise out of the business in that county. * * * Whatever

debts may have been incurred in the purchase of grain, lumber, or for any other purpose legitimately connected with the conduct of the business in Boone county, are proper to be deducted from the credits in that county."

In the case at bar, it appears that the plaintiff has borrowed a large amount of money, and has invested it in tangible property, a small part of which has been sold upon credit. These credits are small, almost insignificant, in comparison with the money borrowed with which the tangible property was purchased and the credits made possible. The tangible property is assessed without regard to the indebtedness of plaintiff which was caused by its purchase, and, if the plaintiff's creditors are taxed upon their demands against plaintiff, it is impracticable to avoid this double taxation. But if we continue to apply the rule so well established, that "credits," as used in the statute, means net credits, double taxation is so far avoided.

It is alleged in the petition that the credits of the plaintiff in Boone county are $9,778.41, and the debts "incurred in the purchase of grain, lumber, or for any other purpose legitimately connected with the conduct of the business in Boone county," are $22,844.71. If this is true, these debts "are proper to be deducted from the credits in that county."

The judgment of the district court is reversed and the cause remanded.

REVERSED.