The State ex rel. Globe-Democrat Publishing Company v. Frederick Gehner, Assessor, et al.—294 S. W. 1017.

Court en Banc, February 15, 1927.

1. **TAXATION: Bills Receivable.** The statutes authorize the assessor to include in the list of a taxpayer's assessable property his accounts receivable.

2. ———: **Exemption.** No property is exempt from taxation except (a) that specifically by law exempted and (b) such as is by no law subjected to taxation.

3. ———: **Accounts Receivable: Definition: Personal Property.** Accounts receivable are amounts owing to a creditor on open account, and in their nature are credits which, under the statute (Sec. 12967, R. S. 1919), include "every claim or demand for money, interest or other valuable thing, due or to become due," and as thus defined are declared by said statute to be personal property, and as such they are subjects of taxation.

4. ———: ———: **Classification: Ejusdem Generis: General Words.** The general words of the statute (Sec. 12766, as amended, Laws 1923, p. 375) which, after enumerating the property to be listed for taxation by the taxpayer, declares that he "shall return all other property not above enumerated," cannot be limited, under the rule of **ejusdem generis**, to the classes specifically named, for to so limit them would be to ignore the object and purpose of the Legislature, which clearly was to include property not particularly enumerated. These general words cannot be discarded altogether, and the only construction in harmony with the object and purpose of the law is to construe them to include all other classes of personal property not particularized.

Corpus Juris-Cyc. References: **Accounts Receivable,** 1 C. J., p. 730, n. 1. **Courts,** 15 C. J., Section 344, p. 950, n. 59. **Taxation,** 37 Cyc., p. 768, n. 14; p. 783, n. 27; p. 888, n. 13.

*Certiorari.*

Writ quashed.

*Jones, Hocker, Sullivan & Angert* for relator.

(1) There can be no lawful tax without a lawful assessment, and there can be no lawful assessment except in the manner and upon the property designated by law for that purpose. State ex rel. Koeln v. Lesser, 237 Mo. 318; Leavel v. Blades, 237 Mo. 700. (2) Taxing statutes are construed strictly, and the authority to tax must not be based upon mere inference. State ex rel. Ins. Co. v. Hyde, 292 Mo. 352; 1 Cooley on Taxation (4 Ed.) secs. 71, 83 and Vol. 2, secs. 503, 550; 37 Cyc. 721, 768, 781; State ex rel. Carleton D. G. Co. v. Alt, 224 Mo. 493. Secs. 12752, 12753 and 12766, R. S. 1919, as

amended, Laws 1923, p. 375, in connection with Section 1, Article 10, Mo. Constitution, do not authorize an assessment against the relator on its accounts receivable. The words "all other property not above enumerated," at the beginning of the eleventh subdivision of Sec. 12766, R. S. 1919, and the words "and every other species of property not exempt by law from taxation," at the end of said subdivision, do not authorize the assessment of classes of property not enumerated in said section. State ex rel. Koeln v. Lesser, 237 Mo. 321; Valle v. Ziegler, 84 Mo. 214. (3) The rule of *ejusdem generis* must be applied in construing the general and particular language in Sec. 12766, R. S. 1919. State v. Richard Wade, 267 Mo. 257; Regan v. Ensley, 283 Mo. 307; State ex rel. v. Wurdeman, 227 S. W. 67; St Louis v. Laughlin, 49 Mo. 559; State v. Dinnisse, 109 Mo. 438. (4) The construction placed upon a statute by the general understanding of the public over a long period of time is of persuasive force in determining the judicial construction to be placed thereon. Venable v. Ry. Co., 112 Mo. 123; Timmonds v. Kennish, 244 Mo. 318; Fears v. Riley, 148 Mo. 49; Verdin v. St. Louis, 131 Mo. 125; Barber Asphalt Paving Co. v. Meservey, 103 Mo. App. 186. (5) It has always been the policy of this state to avoid duplication of taxation. State ex rel. v. Buder, 295 Mo. 63; State ex rel. v. Lesser, 237 Mo. 310; State ex rel. v. Brinkop, 238 Mo. 298; State ex rel. Pearson v. Railroad, 196 Mo. 523; Ogden v. St. Joseph, 90 Mo. 522; Valle v. Ziegler, 84 Mo. 214.

*Julius T. Muench* and *Charles J. Dolan* for respondents.

(1) Under the law, all property in Missouri is subject to taxation, except property expressly exempted therefrom. R. S. 1919, secs. 12752, 12753; Judson on Taxation in Missouri, p. 52; Life Assn. of America v. Board of Assessors, 49 Mo. 513. (2) Accounts receivable constitute taxable property, under the revenue laws of Missouri. R. S. 1919, secs. 12769, 12802, 12805, 12967.

WALKER, J.—This is an original proceeding by *certiorari* by the Globe-Democrat Publishing Company to quash the record of the Assessor and Board of Equalization of the city of St. Louis fixing the personal property assessment of the relator, for the year 1926, at $1,006,930, which included accounts receivable due the relator June 1, 1925, in the sum of $358,180.14. Subsequently the relator filed an amended return of its taxable property in the amount of $648,749.86. This was the original amount tendered, less the accounts receivable. The assessor refused to accept the amended return and assessed the relator on the basis of its original statement of the amount of its taxable property. The relator thereupon appealed to the

Board of Equalization of the city of St. Louis, and asked that from the amount of its taxable property as fixed by the Assessor there be deducted the amount of its accounts receivable and that the value of its property for the purpose of taxation be fixed at the amount of the original return less the total amount of said accounts receivable. The Board of Equalization rejected the relator's application and assessed its property at the total amount of the original return. The formal procedure necessary to the submission of this controversy has been complied with. The sole question for determination is, whether the statute authorizes the assessor to include in the list of relator's assessable property its accounts receivable.

I. The policy of our law, constitutional and statutory, is that no property than that enumerated shall be exempt from taxation. [Secs. 6 and 7, Art. 10, Const. Mo; Sec. 12753, R. S. 1919.] These sweeping provisions as we have held, were not intended to include property beyond the territorial jurisdiction of the State, as in State ex rel. Koeln v. Lesser, 237 Mo. 310, and Valle v. Ziegler, 84 Mo. 214; or to the capital stock of insurance companies for the taxation of which no law had been provided, as in State ex rel. Insurance Companies v. Gehner, 280 S. W. 416. We held in short, in these cases, that to authorize property to be taxed it must by law be subjected to taxation. The relator contends that this has not been done in the instant case.

II. Accounts receivable are amounts owing to a creditor on open account. [Newport Nat. Bank v. Herkimer Co. Bank, 225 U. S. 1. c. 184, 56 L. Ed. 1042.] They are in the nature of credits which, under the statute (Sec. 12967, R. S. 1919), include "every claim or demand for money, interest or other valuable thing, due or to become due." Thus defined they are declared by the statute above cited to be personal property. As such they are proper subjects of taxation within the limitations stated.

The section of the statute (Sec. 12766, as amended by Laws 1923, p. 375), after enumerating the property to be listed for taxation by the taxpayer, provides that he "shall return all other property not above enumerated," and in the closing sentence of the section it is further provided that every other species of property not exempt shall be returned for taxation.

As supplemental to Section 12766, supra, as a further duty of the taxpayer in making a return of his taxable property, he is required to sign and make oath to the return, stating among other things, that it contains "any money or property due him on the first day of June of that year from solvent persons or companies on notes, accounts or otherwise as fully and specifically as he is required to make a return of his taxable property under Section 12766."

It is contended under the rule of *ejusdem generis* that the general words following the specific enumerations in the tax list, required to be made in Section 12766, as amended, Laws 1923, p. 375, should be limited in their application to the classes specifically named in said section. In determining whether the rule thus invoked is applicable, the object and purpose of the law of taxation, constitutional and statutory, should be taken into consideration. If it appears that the Legislature intended, in the use of the general words, to go beyond the particular ones, the rule is not applicable. In this case, it may, without violating the rules of construction, be held that the particular words required to be used in the return made by the taxpayer exhausted the classes there enumerated, and thus authorized the use of the general words to include other classes of property for the purpose of taxation. Unless we discard the general words altogether no other construction of the statute would be in harmony with the object and purpose of the laws in regard to taxation which are intended with the exceptions we have stated, to include every class of property. We are, therefore, of the opinion that the rule of *ejusdem generis* cannot be invoked in this case to relieve accounts receivable from the burden of taxation. To conclude otherwise would be, despite the comprehensive purpose of statutes of this character, to hold that the general words in Section 12766, as amended, supra, and the statements required to be made in the taxpayer's oath as to the return of this class of property, are meaningless. [State ex rel. Goodloe v. Wurdeman, 286 Mo. 1. c. 161; State v. Smith, 223 Mo. 1. c. 257; Nat. Bank v. Ripley, 161 Mo. 1. c. 131 and cases; Mears Mining Co. v. Maryland Cas. Co., 162 Mo. App. 1. c. 178; State v. Broderick, 7 Mo. App. 19.]

The decisive ruling in State ex rel. Koeln v. Lesser, 237 Mo. 1. c. 319, was that the shares of stock there sought to be subjected to taxation were beyond the jurisdiction of the State and that no law existed providing for their taxation. The additional holding, that the meaning of the general words in what is now Section 12766, as amended, should be restricted to the meaning of the particular words, was not necessary to the determination of the matter at issue and does not rise to the dignity of a precedent in the construction of that section and may be regarded as *obiter*. A more forceful reason may be urged against the correctness of the ruling in that the Lesser case, as we have indicated, ignores the object and purpose of our laws of taxation, and in so doing places an incorrect construction upon the duty imposed upon the taxpayer in making a return of his property for taxation.

Having found no authority for the issuance of our writ the same should be quashed. It is so ordered. All concur, except *Graves, J.*, absent, and *Gantt, J.*, not sitting.