GENERAL AMERICAN LIFE INSURANCE COMPANY, a Corporation, Respondent, THE RELIABLE LIFE INSURANCE COMPANY, a Corporation; BUSINESS MEN'S ASSURANCE COMPANY OF AMERICA, a Corporation; NATIONAL FIDELITY LIFE INSURANCE COMPANY, a Corporation; POSTAL LIFE & CASUALTY INSURANCE COMPANY, a Corporation; KANSAS CITY LIFE INSURANCE COMPANY, a Corporation; OLD AMERICAN INSURANCE COMPANY, a Corporation; MUTUAL SAVINGS LIFE INSURANCE COMPANY, a Corporation; and STATE NATIONAL LIFE INSURANCE COMPANY, a Corporation, Interveners-Respondents, v. G. H. BATES, Director of Revenue of the State of Missouri, and R. E. COPHER, Collector of Revenue of the State of Missouri, Appellants, No. 42286—249 S.W. (2d) 458.

Court en Banc, June 9, 1952.

*J. E. Taylor,* Attorney General, and *Will F. Berry, Jr.,* Assistant Attorney General, for appellants.

*Frank P. Aschemeyer, E. R. Morrison, John A. Morrison, Martin J. Purcell* and *Franklin E. Reagan* for respondent General American Life Insurance Company; *Morrison, Hecker, Buck, Cozad & Rogers* of counsel. *W. F. Drescher, Jr.,* for The Reliable Life Insurance Company; *Geo. L. Gordon, John Gilmore,* for Business Men's Assurance Company of America; *E. R. Morrison, John A. Morrison, Martin J. Purcell,* for National Fidelity Life Insurance Company; *John B. Gage,* for Postal Life & Casualty Insurance Company; *Ray B. Lucas, Jos. R. Stewart,* for Kansas City Life Insurance Company; *McKay A. Cox,* for Old American Insurance Company; *Kenneth Teasdale, Wm. H. Armstrong,* for Mutual Savings Life Insurance Company; *Louis A. Robertson,* for State National Life Insurance Company, intervenors-respondents.

148

*Kenneth Teasdale,* for Life Insurance Association of America, amicus curiae; *Cobbs, Blake, Armstrong, Teasdale & Roos* and *Charles E. Dapron, Jr.,* of counsel.

*Dupuy Warrick* and *Boyd Ewing* for Missouri Savings and Loan League, Farm and Home Savings and Loan Association and First Federal Savings and Loan Association, amici curiae; *Warrick, Brewer & Lamkin* and *Ewing, Ewing & Ewing* of counsel.

BOHLING, C.—The General American Life Insurance Company instituted this declaratory judgment action against G. H. Bates and R. E. Copher, Director and Collector of Revenue, respectively, of the State of Missouri and [460] charged with the collection and disbursement of State taxes on intangible personal property. The General American Life Insurance Company is a corporation organized under the provisions of Art. 2, Ch. 37, R. S. 1939. (See Ch. 376, R. S. 1949.) The following corporations, organized under Art. 2 aforesaid, filed intervening petitions, to-wit: Kansas City Life Insurance Company; National Fidelity Life Insurance Company; Old American Insurance Company; Postal Life & Casualty Insurance Company; State National Life Insurance Company; Mutual Savings Life Insurance Company; Business Men's Assurance Company of America, and The Reliable Life Insurance Company. The purpose of the litigation is to enjoin the collection of intangible property taxes levied or threatened to be levied against plaintiff and interveners and to test

the constitutionality and applicability of two statutes hereinafter set out and designated in the record as the "in lieu" statute and the "yield" statute. The parties stipulated that the only issues submitted were those relating to the constitutionality of the "in lieu" and the "yield" statutes. Other matters mentioned in the stipulation are not determinative here and need not be set forth.

The court held the two statutes constitutional and entered judgment accordingly.

The defendants appealed, and contend said statutes are unconstitutional on the grounds stated in the discussion of the particular statute.

Respondents contend the "in lieu" statute, under which they tender their tax, is constitutional and applicable, but, if not, then the "yield" statute is constitutional and applies.

I. *The "in lieu" statute.* The respondents rely primarily upon the "in lieu" statute. The "in lieu" provision relates to the intangible personal property tax act and we first briefly mention that act.

The intangible personal property tax act was approved April 19, 1946. Laws 1945, p. 1914; Mo. R. S. A., §§ 11456.1—11456.15; Ch. 146, §§ 146.010—146.130, R. S. 1949. It was enacted under § 4, Art. 10, Mo. Const. 1945, quoted hereinafter. It applied to "any individual, firm, * * * association, corporation, company * * *." Laws 1945, p. 1914, § 1 (A). It defined intangible property as, so far as material, "* * * moneys on deposit; bonds * * *; certificates of indebtedness * * *; notes, debentures, annuities, accounts receivable, conditional sales contracts * * *, and real estate and chattel mortgages." Id., § 1 (B). It stated: "Yield means the aggregate proceeds received as a result of ownership or beneficial interest in intangible property whether received in money, credits or property, exclusive of any return of capital." Id., § 1 (C). Sections 2 and 4 of said act open with the statement: "Except as otherwise provided by law, intangible personal property having a taxable situs in the State of Missouri * * * shall be subject to a property tax * * *"; and imposed a tax of 4% upon "such yield."

The "in lieu" statute was also approved on said April 19, 1946. See Laws 1945, p. 1023, § 6098a; Mo. R. S. A., § 6098a; § 148.370, R. S. 1949. It repealed and reenacted § 6098a as theretofore enacted and approved on April 28, 1945 (Laws 1945, p. 993), by adding the "in lieu" provision to said act of April 28, 1945.[1] We set it out,

---

[1]The Legislature stated in the emergency clause (Laws 1945, p. 995) to the act of April 28, 1945, that it was enacted to forestall possible "discrimination against foreign companies" under the decision of the United States Supreme Court in United States v. South-Eastern Underwriters Ass'n, 322 U. S. 533, 88 L. Ed. 1440, 64 S. Ct. 1162, decided June 5, 1944. See, however, Prudential Ins. Co. v. Benjamin, 328 U. S. 408, 90 L. Ed. 1342, 66 S. Ct. 1142, 164 A. L. R. 476.

emphasizing the "in lieu" provision:

"Every insurance company or association organized under the laws of the State of Missouri and doing business under the provisions of Articles 2, 7 and 17, of Chapter 37, Revised Statutes of Missouri, 1939, and every mutual fire insurance company organized [461] under the provisions of Article 6, Chapter 37, Revised Statutes of Missouri, 1939, shall, as hereinafter provided, annually pay, beginning with the year 1945, a tax upon the direct premiums received by it from policy-holders in this state, whether in cash or in notes, or on account of business done in this state, for insurance of life, property or interest in this state, at the rate of two per cent (2%) per annum, *which amount of taxes* shall be assessed and collected as hereinafter provided, and *shall be in lieu of all taxes upon intangible personal property owned by such insurance companies or associations*: *Provided*, that fire and casualty insurance companies or associations shall be credited with cancelled or returned premiums actually paid during the year in this state, and that life insurance companies shall be credited with dividends actually declared to policyholders in this state but held by the company and applied to the reduction of premiums payable by the policyholder."

Appellants contend the "in lieu" statute violates the exemption provision of § 6, Art. 10, Mo. Const. 1945 (1 Mo. R. S. 1949, p. 80), which, after enumerating certain property as proper subject matter for exemption from taxation but not embracing the property here involved, provides:

"'All laws exempting from taxation property other than the property enumerated in this article shall be void."
Said § 6 is of identical legal effect, so far as here involved, with §§ 6 and 7, Art. 10, Mo. Const. 1875 (1 Mo. R. S. 1939, p. 142c).

Sections 3 and 4 of Art. 10, Mo. Const. 1945 (1 Mo. R. S. 1949, p. 80), bear upon the issues and are quoted here.

"Section 3. * * * Uniformity. * * * Taxes * * * shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax. * * *

"Section 4(a). Classification of Taxable Property—Taxes on Franchises, Incomes, Excises and Licenses.—All taxable property shall be classified for tax purposes as follows: Class 1, real property; Class 2, tangible personal property; Class 3, intangible personal property. The general assembly, by general law, may provide for further classification within Classes 2 and 3, based solely on the nature and characteristics of the property, and not on the nature, residence or business of the owner, or the amount owned. Nothing in this section shall prevent the taxing of franchises, privileges or incomes, or the levying of excise or motor vehicle license taxes, or any other taxes of the same or different types.

"Section 4(b). Basis of Assessment of Tangible Property—Taxation of Intangibles—Limitation.—Property in Classes 1 and 2 and subclasses of Class 2, shall be assessed for tax purposes at its value or such percentage of its value as may be fixed by law for each class and for each subclass of Class 2. Property in Class 3 and its subclasses shall be taxed only to the extent authorized and at the rate fixed by law for each class and subclass, and the tax shall be based on the annual yield and shall not exceed eight per cent thereof.

"Section 4(c). Assessment, Levy, Collection and Distribution of Tax on Intangibles.—All taxes on property in Class 3 and its subclasses, and the tax under any other form of taxation substituted by the general assembly for the tax on bank shares, shall be assessed, levied and collected by the state and returned as provided by law, less two per cent for collection, to the counties and other political subdivisions of their origin, in proportion to the respective local rates of levy."

Respondents cite many authorities in support of their position and the subdivisions thereof: "That the statute imposing a premium tax in lieu of an intangible tax does not create an exemption but constitutes the substitution of a tax which is a just and equitable equivalent for the intangible property [462] tax and bears more equitably on the taxpayers involved."[2]

We consider the nature of the tax before taking up respondents' cases most directly in point. Taxes fall into three natural classifications: capitation or poll taxes, taxes on property, and excises. State ex rel. Missouri Portland Cement Co. v. Smith, 338 Mo. 409, 413[1, 2], 90 S. W. 2d 405, 406[2]; State ex rel. Tompkins v. Shipman, 290 Mo. 65, 75(III), 234 S. W. 60, 62(III). The instant case involves a property tax, expressly so designated in the constitution (Art. 10, § 4, quoted supra) and made subject to specific constitutional inhibitions. Excises include " "* * * every form of taxation which is not a burden laid directly upon persons or property; in other words, excises

---

[2]Respondents mention that prior to the enactments of the 1945 General Assembly, respondents and other domestic insurance companies were entitled to deduct "the legally required reserve necessary to reinsure its outstanding risks" and any unpaid policy claims from the value of their personal property in making their tax returns under § 6090, R. S. 1939, Mo. R. S. A. Consult State ex rel. Missouri State Life Ins. Co. v. Gehner, 320 Mo. 691, 8 S. W. 2d 1068, 1071[4].

Respondents also say, absent the "in lieu" statute, that said General Assembly subjected them to two new taxes; i.e., the 2% premium tax and the intangible tax; that they and foreign life insurance companies are now taxed on their real estate and tangible personal property (§ 148.310, R. S. 1949), and a premium tax of 2% in lieu of the intangible property tax (§ 148.370, R. S. 1949; Laws 1945, p. 1023, and § 148.340, R. S. 1949); and they say that under the following sections of R. S. 1949 substitutions of tax methods exist: § 148.370, here involved; § 148.320; § 148.340 when viewed under the change effected in § 6092, R. S. 1939, by Laws 1945, p. 1024, now § 148.310; § 148.290; § 148.230; § 153.020; § 152.030; § 148.110; and § 148.520.

include every form of charge imposed by public authority for the purpose of raising revenue upon the performance of an act, the enjoyment of a privilege, or the engaging in an occupation.' '' State ex rel. Missouri Portland Cement Co. v. Smith, supra; State ex rel. Tompkins v. Shipman, supra; Viquesney v. Kansas City, 305 Mo. 488, 495 (I-V), 266 S. W. 700, 702 [1-10]; 51 Am. Jur. 61, § 33; 33 C. J. S. p. 110. Excises are not subject to all the constitutional inhibitions applicable to taxes on property. They are valid as revenue measures if they operate alike upon all within the same class of subjects. See, among others, cases supra, and Bacon v. Ranson, 331 Mo. 985, 56 S. W. 2d 786, 787 [1-3]; Ex parte Asotsky, 319 Mo. 810, 5 S. W. 2d 22, 25 [3-5], 62 A. L. R. 95; State ex rel. People's Motorbus Co. v. Blaine, 332 Mo. 582, 58 S. W. 2d 975, 978 [3]. A number of respondents' cases involve excise taxes.

Respondents' case of Stouffer v. Crawford (Mo. 1923), 248 S. W. 581, 585 [10], involved Laws 1919, p. 718, which repealed and re-enacted certain sections of the income tax law of 1917 (Laws 1917, p. 524) and under § 7, Laws 1919, p. 719, imposed an income tax of 1-1/2% on corporations, except, so far as involved, "insurance companies which pay an annual tax on their gross premium receipts in this state." Foreign insurance corporations were required to pay an annual tax of 2% on premiums received on business done in this state "in lieu of all other taxes, except as in this article otherwise provided." § 6387, R. S. 1919, from Laws 1895, p. 198, § 2 (§ 5958). The statement in Stouffer v. Crawford to the effect that the tax on the gross premium income of insurance companies in lieu of other taxes had been upheld, read in the light of the supporting citations, is not a holding that said tax was in lieu of "property" taxes. Further, income taxes are not property taxes, and have been considered to be in the nature of an excise tax. 27 Am. Jur. 309, n. 8; 42 C. J. S. 536; Bacon v. Ranson, 331 Mo. 985, 56 S. W. 2d 786, 787.

In Crow et al. v. State (1851), 14 Mo. 237, defendants had been convicted of operating as merchants without a license, respondents say, under an act imposing taxes in the nature of a license tax in lieu of other taxes assessed upon merchants. Laws 1848-1849, p. 68; R. S. 1845, p. 737, Ch. 118. The [463] constitutional inhibitions controlling in the instant case were not in the Constitution of 1820. As we read the Crow case (the Court being divided and three lengthy opinions having been written), the defendants were discharged (see l.c. 288 and 319); and the statement in one of the opinions (l.c. 288) that the "in lieu" provision was not such a departure from the Missouri constitutional provision of 1820 (Art. 13, § 19) that property be taxed in proportion to its value as to require judicial interposition is not controlling here.

Pacific Express Co. v. Seibert, 142 U. S. 339, 35 L. Ed. 1035, involved Missouri legislation imposing, briefly stated, a tax on express

companies, carrying on their business under contracts for hire with railroad or steamboat companies, of $2 on each $100 of gross receipts on business within the state, less amounts actually paid for transportation. Laws 1889, p. 52, §§ 7767, 7768, R. S. 1889. The case does not aid respondents as said act explicitly provided "that nothing herein contained shall release such express companies from the assessment and taxation of their tangible property in the manner that other tangible property is assessed and taxed." The tax there involved was an excise tax and the holding sustaining it is in harmony with our views hereinbefore expressed. (142 U. S. l.c. 354, 35 L. Ed. l.c. 1040.)

No constitutional issue was presented in City of Springfield v. Hubbel, 89 Mo. App. 379, and City of Lamar v. Adams, 90 Mo. App. 35, cases involving annual city licenses. (Note, however, what was said in the City of Lamar case regarding the "other taxes" referred to in Laws 1895, p. 198, §§ 2 and 8.)

Kansas City v. Mercantile Mut. Bldg. & Loan Ass'n, 145 Mo. 50, 52, 53, 46 S. W. 624, involved an attempt by the city of Kansas City to tax the property of a building and loan association in its corporate name. Section 1 of Laws 1885, p. 234, provided: "Building and loan associations shall be taxed in the following manner only: All parties holding stock or shares * * * [in such associations], on which no loan has been obtained from such association" were required to list the same, with their actual cash value, with the assessor, "and the tax shall be levied upon said shares, and collected from such holder * * *, as taxes on other personal property * * *." § 7539, R. S. 1889. The Court held the statute provided for the assessment and taxation of the property of building and loan associations "by assessing the shareholders on their shares, and from *them* collecting the tax," and that such property could not be assessed and taxed in the *corporate* name. The Court further considered that the constitutional provision restricting the exemption of property from taxation (Mo. Const. 1875, Art. 10, § 7) referred to affirmative exemptions and not to mere casual omissions; that said constitutional provision was not "self *enforcive*," but it was the duty of the Legislature to see that no class of property escaped taxation, and that it did not matter that the legislation did not reach the borrowing members of the association, because the omissions could not be supplied by the courts. To authorize the taxation of property it must by law be subject to taxation. State ex rel. Globe-Democrat Pub. Co. v. Gehner, 316 Mo. 694, 696(I), 294 S. W. 1017, 1018[1], and cases there cited.

State ex rel. United States Bank et al. v. Gehner, 319 Mo. 1048, 5 S. W. 2d 40, 43[2], involved taxes against the shares of a state and the shares of a national bank under § 12775, R. S. 1919 (§ 10959, R. S. 1939), which statute provided for the assessment of the property, other than the real estate, of banks against the shares of the stock-

holders as stated in that opinion and cases cited. The question was whether in arriving at the value of the shares ("their true value in money, less the value of the real estate" as provided in said § 12775) the actual liabilities of the bank (sums reserved for accrued taxes and accrued interest but not yet paid or payable) were deductible from the gross value of the personal property in assessing the shares of stock. The court held such liabilities deductible in ascertaining and determining the actual, real and true value of the shares, reasoning that such corporate liabilities affected the value of [464] the capital stock, and unless the deduction be made, its value would be, to that extent, inflated and fictitious; that § 4, Art. 10, Mo. Const. 1875, contemplated the taxation of property in proportion to its actual or real value, neither inflated nor deflated; and that the relators' insistence upon the assessment and taxation of the shares at their actual value in money instead of an inflated and fictitious value was not asking and presented no question of the exemption of property from taxation under §§ 6, 7, Art. 10, Mo. Const. 1875, but was an insistence upon their assessment and taxation at their true value. (5 S. W. 2d l.c. 46).

Basing the levy and collection of a tax on corporations against the shareholders on their shares at the actual value of the property as in the Mercantile Mut. Bldg. & Loan Ass'n and the United States Bank cases, supra, is not the substitution of one tax for another, and clearly is not the substitution of an excise, or occupation, tax, as attempted by the "in lieu" statute, for a property tax in contravention of constitutional provisions fettering the lawmaking power with respect to intangible property taxes.

We conclude on this, the first and principally contested, issue that the "in lieu" statute contravenes constitutional inhibitions, including that prohibiting the exemption of property from taxation, because:

Under the "in lieu" statute no "tax upon intangible personal property" is exacted of respondents. "Intangible personal property" constitutes "Class 3" of the classes of property subject to tax under § 4, quoted supra, of the constitution. The intangible personal property tax act imposes a tax on property. The other two classes of property under said § 4 are "real property" and "tangible personal property"; and the General Assembly is authorized to further classify "tangible" and "intangible" personal property "solely on the nature and characteristics of the property" by general law. While "real property" and "tangible personal property" are to be assessed on the basis of value, the tax on "intangible personal property" "shall be based on the annual yield," not exceeding 8% thereof. The 2% premium tax of the "in lieu" statute is not a tax on intangible personal property. Said statute does not classify intangible personal property "solely on the nature and characteristics of the property." The tax is not "based on the annual yield." It is not a property

tax. It is an excise, or occupation, tax imposed upon the privilege of conducting the business authorized under Arts. 2, 7, 17 and 6, of Ch. 37, R. S. 1939, in this state. Bankers' Life Co. v. Chorn, 186 S. W. 681, 683 [2]; Massachusetts Bonding & Ins. Co. v. Chorn, 274 Mo. 15, 201 S. W. 1122, 1125 [3,4]; Viquesney v. Kansas City, 305 Mo. 488, 266 S. W. 700, 702[1]; State ex rel. Missouri Portland Cement Co. v. Smith, 338 Mo. 409, 90 S. W. 2d 405, 406 [2]; State ex rel. People's, Motorbus Co. v. Blaine, 332 Mo. 582, 58 S. W. 2d 975, 977 [2-4]. This distinction between property and excise taxes is recognized in the provision of said § 4(a) reading: ''Nothing in this section shall prevent the taxing of franchises, privileges or incomes, or the levying of excise or motor vehicle license taxes, or any other taxes of the same or different· types.''

Section 6, Art. 10, Mo. Const. 1945, effects two constitutional classes of property: (1) taxable, and (2) exempt. The ''in lieu'' statute (Laws 1945, p. 1023) exempts from the intangible personal property tax act (Laws 1945, p. 1914) the intangible personal property of respondents; and in so doing is an unauthorized attempt to reclassify as exempt property not enumerated in said § 6 as exempt but which is there constitutionally classified as taxable property. This, it has been held, the lawmaking power may not do. State ex rel. Tompkins v. Shipman, 290 Mo. 65, 234 S. W. 60, 62 (II-IV). See Life Association of America v. St. Louis Board of Assessors, 49 Mo. 512, 519, 521, which is construed in State ex rel. Missouri State Life Ins. Co. v. Gehner, 320 Mo. 691, 8 S. W. 2d 1068, 1069 (I), as holding a statute providing for the annual payment by certain life insurance companies of $150 to $200 for the support of the insurance department ''in lieu'' of all taxes whatsoever contravened the 1865 constitutional [465] provision (Art. 11, § 16) against the exemption of property from taxation.

We have examined respondents' cases from foreign jurisdictions and think they are to be distinguished in view of the Missouri constitutional inhibitions upon the taxing power of the General Assembly and the construction placed upon our constitution by the courts.

The foregoing disposes of practically all of the subdivisions of respondents' position in support of the ''in lieu'' statute. There are, however, two additional contentions that should be developed.

Respondents argue that while § 4(c), Art. 10, Mo. Const. 1945, relating to the collection and distribution of the tax on intangibles, does not create a right of substitution it assumes that the lawmaking power has the right to enact laws providing substitutes for the intangible personal property tax. We quote the material portion of said § 4(c), emphasizing the clause stressed by respondents: ''All taxes on property in class 3 and its subclasses, and *the tax under any other form of taxation substituted by the general assembly for the tax on bank shares*'' are to be collected, et cetera, by the state and

returned to the political subdivision of their origin as provided by law.

We think the clause in italics was the result of the authority conferred by Congress (see U. S. C. A. Tit. 12, § 548 (R. S. U. S. § 5219; 42 Stat. 1499; 44 Stat. 223)) upon the states to tax national banking associations, and the policy of the state of taxing Missouri banks on the same basis as National banks. National banks are instrumentalities of the federal government, and the states do not possess the sovereign power with respect to their taxation that exists with respect to citizens of the state generally. State ex rel. Bay v. Citizens State Bank, 274 Mo. 60, 202 S. W. 382, 384(I); Maricopa County v. Valley Nat. Bk., 130 F. 2d 356, 359. Only the taxes against national banks contemplated in § 548, supra, are within the authority of the states. They embrace the power to tax the real estate; and either to tax (1) the shares of a national bank, or (2) to include dividends derived therefrom in the taxable income of the owner, or (3) to tax their net income or (4) according to or measured by their net income as provided and subject to the conditions in said § 548. The section has undergone several amendments. This act of Congress is of superior force to state constitutions and laws. Under the constitution of 1875 and the laws thereunder, Missouri assessed and collected taxes on the real estate of national banks and on their shares at their true value in money for the tax on the personal property of such banks; and state banks were put on the same plane. § 10959, R. S. 1939; Laws 1872, p. 90, § 35. See, among others, State ex rel. Miller v. Shryack, 179 Mo. 424, 430(I), 78 S. W. 808, 809; State ex rel. Koeln v. Lesser, 237 Mo. 310, 326, 141 S. W. 888, 892; State ex rel. Bay v. Citizens State Bk., supra. Observations supra respecting the State ex rel. United States Bank case are applicable. The clause in italics recognizes the above situation and is not an assumption of the existence of general authority in the lawmakers to enact substitute tax legislation in contravention of specific constitutional inhibitions.

Next: Under § 4(b), Art. 10, Mo. Const. 1945, intangible personal property and its subclasses "shall be taxed only to the extent authorized and at the rate fixed by law for each class and subclass * * *." Respondents say this means the Legislature is not required to impose any tax whatsoever upon intangible personal property. The contention is not controlling here because the Legislature did impose a tax upon intangible personal property; and in such event, under other provisions of said § 4, the tax "shall be based on the annual yield," and any classification of the intangible personal property is to be "based solely on the nature and characteristics of the property" et cetera, which the said "in lieu" statute does not do.

II. *The "yield" statute.* Respondents rely upon the "yield" statute in the event the "in lieu" statute be unconstitutional. It was approved July 17, 1946. Laws 1945, p. 1760, § 1; Mo. R. S. A.,

§ 11211.1; and see § 146.010(4), R. S. 1949. It provided (emphasis ours):

"The terms 'yield' or 'annual yield' as used in any law heretofore enacted imposing [466] a tax upon intangible personal property pursuant to Article 10, Section 4, of the Constitution of Missouri, shall mean the aggregate proceeds received as a result of ownership or beneficial interest in intangible property whether received in money, credits or property, exclusive of any return of capital, *and less the amount of interest required to be credited by the owner thereof, during the preceding calendar year, to reserve liabilities of the owner maintained under the statutes of this state.*"

No cases are cited by appellants to sustain their position that the italicized portion of the "yield" statute contravenes §§ 3, 4 and 6 (all quoted hereinbefore) of Article 10 of the constitution. Appellants say that the "uniformity" clause (§ 3, supra) requires all taxpayers similarly situated to be taxed uniformly; that the "yield" statute creates a subclass of owners of intangible personal property based solely on the business of the owners, and not on the nature and characteristics of the property as required by § 4, supra; and to the extent respondents are permitted to deduct the interest required to be credited to reserve liabilities from the gross returns received on intangible personal property, respondents are exempted from the payment of the intangible personal property tax in contravention of § 6, supra.

While property was not a subject for classification under the 1875 constitution, § 4 of the 1945 constitution expressly authorizes the classification and subclassification of intangible personal property. The taxation of property is contemplated on a basis of actual or real value (State ex rel. United States Bank v. Gehner, 319 Mo. 1048, 5 S. W. 2d 40, 45), and double taxation is not favored (Automobile Gasoline Co. v. St. Louis, 326 Mo. 435, 32 S. W. 2d 281, 283[3]).

The reasoning and holding in State ex rel. Missouri State Life Ins. Co. v. Gehner, 320 Mo. 691, 8 S. W. 2d 1068 (the l.c. references infra are to 8 S. W. 2d), answer appellant's contentions. It involved a construction of § 6386, R. S. 1919. Section 6386 provided that the property of domestic insurance companies was subject to taxation for state, county, municipal and school purposes; and required such companies to make returns: "First, of all the real estate held or controlled by it; second, of the net value of all its other assets or values in excess of the legally required reserve necessary to reinsure its outstanding risks and of any unpaid policy claims, which net values shall be assessed and taxed as the property of individuals * * *."

The insurance company's return of June 1, 1925, disclosed that its gross assets less "the legally required reserve necessary to reinsure its outstanding risks" left no personal property of relator subject to taxation under said § 6386. The St. Louis board of equalization,

however, arbitrarily assessed relator's personal property at $1,000,000, and relator sought to quash said assessment. Respondent contended that if "only the net assets" of relator were subject to taxation, the statutes violated constitutional requirements that taxation shall be uniform (Mo. Const. 1875, Art. 10, § 3) and in proportion to value (Id., § 4), and constituted an unconstitutional exemption of property from taxation (Id., § 7). (l.c. 1069.)

The court held it had been the policy of the state since 1872 "to subject to taxation the personal property of insurance companies in the form of net assets, and not otherwise" (l.c. 1071[4]); and that a statute, in ascertaining the amount of credits of a taxpayer to be taxed to him, which "allows a deduction of the debts owed by him, does not violate constitutional provisions that taxation shall be uniform and in proportion to value, and that no property shall be exempt from taxation." After reviewing the authorities the Court held that, while credits are property, the difference found upon deducting the bona fide indebtedness from the gross credits of the owner was the precise amount and just value of the credits. (l.c. 1071[6, 7].)

The court further held "the legally required reserve necessary to reinsure its outstanding risks" was deductible from the credits of an insurance company in valuing them for taxation; and in so holding considered: [467] " 'The reserve fund of a life insurance company is properly regarded as an indebtedness, because the death of every person it has insured is inevitable, and its disbursement in payment of policies is an absolute certainty. The only uncertainty in the matter is the order in which the policies kept in force will have to be paid.' * * *

"In considering the nature of the legal reserve of an insurance company other than life, it must be kept in mind that the construction of a statute permitting the deduction of *debts* from credits is not involved in this case. It may be conceded that the requirement for the maintenance of such a reserve is not a debt in a technical sense. Yet it is a liability * * *; such liability, considered with reference to a particular policy, may be regarded as contingent, but with reference to the outstanding insurance of the company as a whole it is definite and fixed, made so by statute. * * * The assets of such a company as a whole are impressed with this liability, and only assets in excess of it can be distributed in the form of dividends, earnings or profits.". (l.c. 1072[8, 9].)

See also State ex rel. American Automobile Ins. Co. v. Schramm, 271 Mo. 223, 196 S. W. 21[2]; State ex rel. American Central Ins. Co. v. Gehner, 315 Mo. 1126, 280 S. W. 416, 420[10]; State ex rel. Hyde v. Buder, 315 Mo. 791, 287 S. W. 307, 309[9]; George Washington Life Ins. Co. v. Board of Review etc., 113 W. Va. 664, 169 S. E. 532, 535; Hess v. Columbia Life Ins. Co., 116 Oh. St. 416, 156 N. E. 504, 505; City of Waco v. Amicable Life Ins. Co., (Tex.), 248 S. W.

162

332, 334[2]; Michigan Mut. Life Ins. Co. v. Common Council etc. Detroit, 133 Mich. 408, 95 N. W. 1131, 1132; Nye-Schneider-F. Co. v. Boone County, 102 Neb. 742, 169 N. W. 436, 437; Annotations, 13 A. L. R. 186, and 78 A. L. R. 562; Gray, Limitations of Taxing Power, 692, §§ 1395 et seq.; 3 Cooley on Taxation, 4th Ed., 2325, §§ 1159 et seq.; 51 Am. Jur., Taxation, 525, § 523; 61 C. J., Taxation, 650, § 805 et seq.; and the authorities cited in State ex rel. Missouri State Life Ins. Co. v. Gehner, supra, at p. 1072 of 8 S. W. 2d.

The holdings that the legal reserve involved represents an indebtedness or liability upon the policies in force finds recognition in the provision of the "yield" statute reading: "less the amount of interest required to be credited * * * to reserve liabilities of the owner maintained under the statutes of this state." The statute applies to all such "reserve liabilities," whether presently required to be maintained or to be maintained under any future statute and whether maintained by life insurance companies or some other owner. The fund is a statutory trust fund to be held and treated as such. The courts recognize it as a deduction, when made so by statute, from gross assets in arriving at the actual and true value of personal property for taxation and not as an exemption from taxation.

We conclude that error in the ruling of the trial court on the "yield" statute has not been established; that the intangible personal property tax act applies to all intangible personal property defined in § 146.010, RSMo 1949; that under the Missouri State Life Ins. Co. case, quoted supra, and other cases the "yield" statute provides for a deduction to reach the true and actual yield and not a fictitious yield, and is not an exemption of property from taxation, and that, so far as any classification may be concerned, it is based on the nature and characteristics of the intangible personal property involved.

Accordingly, the judgment is reversed and the cause is remanded with directions to enter judgment holding the "in lieu" portion of the statute unconstitutional and the "yield" statute applicable.

PER CURIAM:—The foregoing opinion by Bohling, C., is adopted as the opinion of the Court en Banc. All concur.