Dear Mr. Antonio:
This letter is in response to your question asking whether a third class or fourth class city is required to levy and attempt to collect a tax upon merchants' and manufacturers' personal property if the city levies a tax upon real property. After a careful review of the law affecting this difficult question, we conclude that a third class or fourth class city is not required to levy and attempt to collect such a tax simply because the city levies a tax upon real property. Because of the substantial amendments to Article X of the Missouri Constitution in 1982, we have undertaken to respond to your question by letter rather than by a more formal opinion of this office.
THE MISSOURI CONSTITUTION
In order to conclude that third and fourth class cities are not required to tax merchants' and manufacturers' personal property when a real property tax is levied, it must be determined that such a taxation scheme by the cities does not violate the Missouri Constitution and that it is authorized by statute. Sections 6, 3 and4(a), Article X, of the Missouri Constitution are the constitutional provisions that affect the validity of the tax scheme in question.
Article X, Section 6, Missouri Constitution (as amended in 1982) exempts certain classifications of property from taxation, and forbids the passing of any laws exempting property not included in the list. The section states in pertinent part:
 1. All property, real and personal, of the state, counties and other political subdivisions, and non-profit cemeteries, shall be exempt from taxation; all personal property held as industrial inventories, including raw materials, work in progress and finished work on hand, by manufacturers and refiners, and all personal property held as goods, wares, merchandise, stock in trade or inventory for resale by distributors, wholesalers, or retail merchants or establishments shall be exempt from taxation; and all property, real and personal, not held for private or corporate profit and used exclusively for religious worship, for schools and colleges, for purposes purely charitable, or for agricultural and horticultural societies may be exempted from taxation by general law. In addition to the above, household goods, furniture, wearing apparel and articles of personal use and adornment owned and used by a person in his home or dwelling place may be exempt from taxation by general law but any such law may provide for approximate restitution to the respective political subdivisions of revenues lost by reason of the exemption. All laws exempting from taxation property other than the property enumerated in this article, shall be void. The provisions of this section exempting certain personal property of manufacturers, refiners, distributors, wholesalers, and retail merchants and establishments from taxation shall become effective, unless otherwise provided by law, in each county on January 1 of the year in which that county completes its first general reassessment as defined by law. [Emphasis added.]
We point out that this section will largely moot your question when the provisions relative to the merchants' and manufacturers' tax becomes effective, January 1 of the year in which the county completes its first general reassessment.
One could argue that a statutory tax scheme that does not impose a tax on merchants' and manufacturers' personal property results in the "exempting from taxation property other than the property enumerated in [Article X, Section 6]" and is therefore in violation of the Missouri Constitution. This reasoning fails, however, because such a tax scheme does not create an affirmative exemption for certain property, but merely omits taxing the property. In the case of City of Kansas City v. Mercantile MutualBuilding and Loan Association, 46 S.W. 624 (Mo. 1898), the Missouri Supreme Court interpreted the second to the last sentence of Section 6, then contained in Article X, Section 7, Missouri Constitution (1875), as prohibiting only those laws which establish affirmative exemptions for certain property, not laws which simply omit certain property from taxation. Thus, cities are not prohibited by Article X, Section 6, from omitting merchants' and manufacturers' personal property from taxation so long as no laws are passed which affirmatively create an exemption for the property.
Sections 3 and 4(a) of Article X are two other provisions of the Missouri Constitution that affect the validity of the tax scheme in question. Section 3 provides that "taxes may be levied and collected for public purposes only, and shall be uniform upon the same class or subclass of subjects within the territorial limits of the authority levying the tax. . . ." Section 4(a) states in part:
 All taxable property shall be classified for tax purposes as follows: class 1, real property; class 2, tangible personal property; class 3, intangible personal property. The general assembly, by general law, may provide for further classification within classes 2 and 3, based solely on the nature and characteristics of the property, and not on the nature, residence or business of the owner, or the amount owned.
The two sections, when read together, state that a city must tax all property uniformly within a class and that personal property is in a different class than real property. It follows then that there is no constitutional requirement that merchants' and manufacturers'personal property be taxed if a real property tax is levied. Personal property is in a different classification than real property by the provisions of Article X, Section 4(a), so Article X, Section 3 does not require that the two classifications be taxed uniformly with respect to one another. For comparison of the classes and subclasses of property, see Section 4(b), Article X, as amended in 1982.
If third and fourth class cities levied a general tax upon personal property on the other hand, the Missouri Constitution would require that merchants' and manufacturers' personal property be taxed. A tax scheme by a city in which a general tax is levied upon personal property but omitted upon merchants' and manufacturers' personal property would run afoul of Sections 3 and 4(a) of the Missouri Constitution.
In the absence of further classification by the general assembly within the class of tangible personal property, merchants' and manufacturers' personal property is in the same class as all other personal property in accordance with Article X, Section 4(a). Further, it must be taxed uniformly with all other personal property as provided in Article X, Section 3. Although special provisions are made for the separate taxation of merchants' and manufacturers' personal property by counties (Chapter 150, RSMo), St. Louis and Kansas City (Sections 92.040, RSMo Supp. 1982, and 92.045, RSMo 1978), no such separate treatment of merchants' and manufacturers' personal property is provided by the general assembly for third and fourth class cities. Thus, the general assembly had no intention to subclassify this property apart from other personal property. All tangible personal property, including merchants' and manufacturers' personal property, must then be taxed uniformly as required by Article X, Section 3.
Indeed, the general assembly would be forbidden under the Missouri Constitution to classify merchants' and manufacturers' personal property apart from other personal property because such a classification would be based "on the nature, residence or business of the owner" of the property, in violation of Article X, Section 4(a). The section states that subclassifications of tangible and intangible personal property must be "based solely on the nature and characteristics of the property, and not on the nature, residence or business of the owner, or the amount owned." A subclassification separating merchants' and manufacturers' personal property from other personal property is based on whether the owner of the property is engaged in the occupation of merchant and manufacturer and thus is constitutionally forbidden.
This conclusion is supported by the case of Metal Form Corporationv. Leachman 599 S.W.2d 922 (Mo. banc 1980), which passed on the constitutionality of Chapter 150, RSMo. The chapter provides for a separate tax assessment system by counties for property of merchants and manufacturers, and was challenged on the grounds that it creates a subclassification of tangible personal property based on the nature or business of the owner in violation of Article X, Section 4(a). The court held the legislation to be constitutional but based its holding solely on the finding that no subclassification is created at all by the chapter. Chapter 150 imposes the same tax rate on merchants' and manufacturers' tangible personal property as Chapter 137, RSMo, levies on all other tangible personal property. The court, however, held that classification of property for purposes of Article X, Section 4(a) means prescribing a different tax rate for the different classes of property or assessing them at different percentages of value.
A tax scheme that did not levy a tax on tangible personal property of merchants and manufacturers but imposed a general tax on other tangible personal property would clearly be creating a subclassification for purposes of Article X, Section 4(a) because merchants' and manufacturers' personal property would not be subject to the same rate of taxation as that imposed on other personal property. Thus, the reasoning employed by the court in Metal FormCorporation v. Leachman, supra, in holding Chapter 150 constitutional cannot be applied, and the tax scheme would violate the prohibition in Article X, Section 4(a) against subclassifying tangible personal property based on the nature of business of the owner.
Attorney General Opinion No. 261 (1974) also supports the conclusion that a tax scheme that imposes a general tax upon personal property but not upon merchants' and manufacturers' personal property violates Article X, Section 4(a). This opinion held that Senate Bill No. 402, 77th General Assembly (1974), which provided for a tax to be levied on tangible personal property of motor vehicle dealers at a different rate than that imposed on other classes of personal property, violated Article X, Section 4(a). "To classify some motor vehicles, goods, wares and merchandise in a different class from other motor vehicles, goods, wares and merchandise simply because they are held for use and sale by `motor vehicle dealers,' rather than by other persons is clearly a violation of the Constitution of Missouri." Similarly, to classify personal property of merchants and manufacturers in a different class from other personal property, by not taxing the former while taxing the latter, simply because it is owned by merchants and manufacturers is a violation of the Constitution of Missouri.
MISSOURI REVISED STATUTES
In addition to concluding that a taxation scheme by third and fourth class cities of taxing real property but not merchants' and manufacturers' personal property does not violate the Missouri Constitution, it must be determined that such a taxation scheme is authorized by statute for the taxation scheme to be lawful. Several sections of the Missouri Revised Statutes must be examined in order to make this determination.
It should first be noted that Chapter 150, RSMo, which authorizes a tax upon personal property of merchants and manufacturers, provides for a tax only by counties, not cities, and is thus irrelevant in determining whether third and fourth class cities must tax merchants' and manufacturers' personal property. Section150.040, RSMo Supp. 1982, states in part:
 1. Merchants shall pay an ad valorem tax equal to that which is levied upon real estate, on the amount of all goods, wares and merchandise, except for grain and other agricultural crops in an unmanufactured condition, as defined in section 137.010, RSMo, which are subject to assessment, valuation, and taxation under subsection 3 of section 137.115, RSMo, which they may have in their possession or under their control, . . .
Section 150.310, RSMo Supp. 1982, requires manufacturers to be taxed in the same manner as merchants. Although standing alone, these sections could be interpreted as requiring a county, city, or even state tax upon merchants' and manufacturers' personal property, the surrounding sections indicate that the tax provided for by Sections150.040 and 150.310 is to be exclusively a tax by the counties. Merchants and manufacturers are to turn over their inventory statements to the county assessor, who must in turn keep records of the statements and of the inventory valuation. Sections 150.050, RSMo 1978, 150.320, RSMo Supp. 1982. Sections 150.070, RSMo Supp. 1982, 150.110, RSMo 1978, 150.130, RSMo 1978, 150.140, RSMo 1978, and 150.340, RSMo 1978, describe in detail the duties of the county clerk and county collector in keeping the tax books, calling on the merchants and manufacturers in order to collect the tax, reporting delinquent taxpayers to the county prosecuting attorney and petitioning the county court to settle the tax accounts.
The rights and duties of only the assessors, clerks and collectors of counties are discussed in Chapter 150. No similar provisions are made for corresponding city officials, nor is there any duty of the county officials to turn over their records for city use or to otherwise assist the cities in levying a city tax upon merchants' and manufacturers' personal property. It is thus the intent of the general assembly that Chapter 150, RSMo, provide for a tax by counties only, and not third and fourth class cities, upon merchants' and manufacturers' personal property. This chapter therefore does not require third and fourth class cities to tax such property.
The taxing provisions for third and fourth class cities are found in Chapter 94, RSMo. Section 94.010, RSMo 1978, states in part:
 1. Except as hereinafter provided, in assessing property, both real and personal, in cities of the third class, the city assessor, shall, jointly with the county or township assessor, assess all property in such city, and such assessment . . . shall be taken as the basis from which the city council shall make the levy for city purposes. . . .
Section 94.190, RSMo 1978, makes a similar provision for fourth class cities. All property is to be assessed according to these two sections, whether exempt or not. Since some property is exempt from taxation even though it is assessed under Sections94.010 and 94.190, RSMo 1978, whether certain property is actually taxed is necessarily independent of whether it is assessed. Therefore, Sections 94.010 and 94.190, RSMo 1978, do not mandate a tax upon merchants' and manufacturers' personal property.
Section 94.120, RSMo 1978, provides that for third class cities, "[t]he city council shall, from time to time, provide by ordinance for the levy and collection of all taxes" while Section94.030, RSMo 1978, requires the city council of a third class city to "ascertain the amount of money to be raised thereon for general and other purposes, and fix the annual rate of levy therefor by ordinance." Corresponding provisions for fourth class cities are contained in Sections 94.200 and 94.210, RSMo 1978. These sections give the city council both the power to levy taxes and the discretion to decide the rate of levy. There is no requirement that all property be subject to the levy, and in fact all property cannot be subject to the levy.
These sections (Sections 94.020, 94.030, 94.200 and 94.210) then are intended simply to give third and fourth class cities the power to tax, since under Article X, Section 1, Missouri Constitution, political subdivisions have only the power to tax that is granted them by the general assembly. It is not required that cities exercise their power to tax simply because the power has been granted. The Missouri Supreme Court held, in the case ofKansas City, Missouri v. J. I. Case Threshing Machine Company,87 S.W.2d 195 (Mo. banc 1935), that statutes which authorized Kansas City to levy a tax upon the occupations of merchants and manufacturers did not require Kansas City to levy the tax. The court reasoned:
 It seems, both upon reason and authority, that the proper construction of this act is that the Legislature intended that the method stated in this act for taxing such occupations should be used by such cities if they taxed such occupations. The act is, of course, permissive and not mandatory upon these cities to use all or any part of it, but if permission to license and tax is acted upon, the sole method which the statute provides is the mandatory method. (87 S.W.2d at 206) [Emphasis added.]
Similarly, Sections 94.030, 94.200 and 94.210, authorize third and fourth class cities to levy taxes and provide a procedure that must be followed if the cities decide to exercise their power to tax, but the statutes do not require that such a tax be levied. A tax scheme that fails to levy taxes upon either real property, personal property, or both, does not violate these provisions.
Section 94.050, RSMo 1978, provides that for third class cities, "[t]he city council shall have no power to relieve any person from the payment of any tax, or exempt any person from any burden imposed by law." Section 94.240, RSMo 1978, makes a similar provision for fourth class cities. One possible interpretation of these two sections is that they forbid cities to refrain from taxing any property they have authority to tax, thus forcing cities to tax merchants' and manufacturers' personal property. However, the wording of the statute, which specifically forbids relieving anyperson from the payment of tax, indicates that the section was aimed at forbidding the cities from engaging in favoritism and exempting any individual taxpayer from a tax while not exempting other taxpayers similarly situated. Thus, while the section would forbid exempting particular merchants from a tax that was levied on all other merchants and manufacturers, it does not forbid cities to refrain from levying a tax upon a whole class of taxpayers, such as refraining to levy a tax upon the personal property of all merchants and manufacturers.
One last section must be considered in determining whether the legislature intended to forbid a taxation scheme by cities of taxing real property but not merchants' and manufacturers' personal property. Section 94.080, RSMo 1978, in providing for third class cities, states that:
 The council shall have power to levy, and all merchants shall pay to the city collector, an ad valorem tax equal to that which is levied upon real estate; the amount of which tax shall be determined and ascertained in the same way as the state and county tax is determined and ascertained; and the collector shall have power to enforce the payment of the same by seizure and sale, as in the collection of other taxes.
This section could be interpreted as requiring third class cities to levy upon merchants and manufacturers an ad valorem tax with a tax rate equal to the real estate rate. However, the statute states only that "the council shall have power to levy." Again, a city is not required to levy a tax simply because the general assembly has authorized the city to make the levy. Kansas City,Missouri v. J. I. Case Threshing Machine Company supra. Section94.080, RSMo 1978, which authorizes the tax on merchants, is "permissive and not mandatory upon these cities to use all or any part of it, but if the permission to license and tax is acted upon the sole method which the statute provides is the mandatory method."Id. at 206. Therefore, this section does not prevent third class cities form taxing real property while refraining from taxing merchants' personal property.
A tax scheme by third and fourth class cities of levying a tax upon real property but not upon merchants' and manufacturers' personal property does not violate the Missouri Constitution. Neither does such a tax scheme violate any provisions of the Missouri Revised Statutes.
Therefore, we conclude that third and fourth class cities are not required to provide for a tax levy upon merchants' and manufactures' personal property even though they levy a tax upon real property if no general tax on personal property is levied.
Very truly yours,
 JOHN ASHCROFT Attorney General